# STEWART *against* THE STATE OF MARYLAND.

It is no objection that an order to transmit a criminal case from Baltimore
city court, to Howard District, says to Howard District court, instead of
the court of Howard District of Anne Arundel county.

In error to the court of Howard District of Anne Arundel
county.

Indictment was found in Baltimore city court.    The defen-
dant being arraigned, pleaded "not guilty," and then made
the suggestion, that he could not have a fair and impartial
trial in that court, and asked that the record be transmitted
to an adjoining county court.    The city court, by its order of
26th May 1851, directed the record of the proceedings, to be
transmitted to "*Howard District court*," to be held at Ellicotts
Mills, on the third Monday of September next, and the clerk
certified to the record, removed to the above term of Howard
county court.    The case was tried at September term 1851,
in the court of Howard District of Anne Arundel county, and
17      v.1

the defendant was convicted of murder in the second degree. Thereupon he moved in arrest of judgment, and assigned the following reasons:

1st. Because that court had no jurisdiction to try the case, the order of Baltimore city court directs the record of the proceedings, in said case, to be transmitted to Howard District court, and not to "the court of Howard District of Anne Arundel county," for trial.

2nd. Because the record of proceedings are ordered to be transmitted to Howard District court, and not to "the judges of the court of Howard District of Anne Arundel county."

3rd. Because the proceedings are not transmitted to an adjoining county court.

In consequence of an equal division of the court, the motion in arrest of judgment was overruled, and the defendant was sentenced to the penitentiary.

This case was argued before a full court, by *W. H. G. Dorsey* and *Pitts* for plaintiff in error, and *Brent* in behalf of the State.

On the behalf of the plaintiff, it was said, that the act of 1842, ch. 72, makes it unnecessary to say, in indictments, all that part of Anne Arundel county, included in Howard District, of said county, and makes it sufficient to say, Howard District. The act however, authorises this only in indictments. So the act of 1846, ch. 159, permits the substitution of Howard District, for the words formerly necessary on other occasions, but does not authorize the use of them, in the order of the court, directing the record of the proceedings to be transmitted.

There must be a strict compliance with the terms of the law.

He referred to act of 1804, ch. 55, sec. 3.   1838, ch. 22, sec. 4, this being a case before the adoption of the new constitution.   14 *Vermont*, 64.   3 *Yerger*, 281.   3 *Dana.*, 224.   5 *H. & J.*, 61.

As to the time, when this objection ought to have been

made: It will be insisted that the objection was made too late, he had submitted to the jurisdiction of the court, by pleading *not guilty*. This plea however, was relied on in Baltimore city court, and he was not again arraigned, after the record had been transmitted to the court of Howard District. He referred to *Archbold's Criminal Pleading*, 98, (in another edition, 193,) sec. 6. *Russel and Ryan*, 58, 1 *T. R.*, 316.

Howard District, is not adjoining the city. Baltimore county and city are separate in several respects. 1842, ch. 246, provides for different sheriffs, they have different delegates, and are separated and in different districts in the election of the governor. Howard District, in no part of it, adjoins the city of Baltimore.

*Brent* for the State.

The acts of Assembly often, speak of Howard District, *eo nomino*, and if the first reason be ruled good, many of them would be a nullity. See 1846, ch. 159. 1849, ch. 365.

It is a question of intention, and there can be no doubt about the intention here. There can be but one answer to the question, to what court, was it intended to transmit this case? To Howard District court, would certainly, in common parlance, be understood to mean: "The court of Howard District in Anne Arundel county," and why are not the same words sufficiently clear in an order of removal?

There is further evidence, in the order, to show what court was intended. The order says, "to Howard District, *to be held* at Ellicotts Mills, on the third Monday in September. Can any rational mind doubt" the meaning of this order, especially where there is but one Howard District in Maryland, and that is Howard District of Anne Arundel county?

There may be a grant to a corporation by a wrong name; strictly speaking, the order of removal is no part of the record. If there was none in the record, the court to which it was sent ought to receive it. The record is the act of the officer, and ought to be presumed to be correct.

Jury is to come from a distinct county. Howard District in Anne Arundel county, the latter adjoins Baltimore county, of which the city of Baltimore is a part. See act of 1838, ch. 22, sec. 4.

The second reason in arrest of judgment, was abandoned, the decision of this court, in *Price against The State,* not yet reported, having settled it.

LE GRAND, C. J., delivered the opinion of the court.

This case comes before us on a writ of error. It appears from the record, that George Stewart was indicted by the grand jurors for Baltimore city, at January term 1851, of Baltimore city court, for the murder of Thomas Moody. At May term 1851, he suggested to the court that he could not have a fair and impartial trial in said court, whereupon the court passed the following order : "Ordered and adjudged by the court here, that the record of proceeding of the said cause against the said George Stewart, be transmitted to Howard District court, to be held at Ellicotts Mills on the third Monday of September next, that the said court may then and there proceed to the trial thereof, and to do therein as to justice may appertain, &c."

At the September term 1851, of the court held for Howard District, George Stewart was tried, and by the verdict of a jury, found guilty of murder in the second degree. A motion was filed in arrest of judgment, which was overruled by an equal division of the court. The prisoner was sentenced to five years and six months confinement in the penitentiary.

Upon this state of the case, a writ of error was sued out by the prisoner. The following are assigned as error in the proceedings :

1st. Because the court which tried him had no jurisdiction to try said case, because the order of Baltimore city court directs the record of proceedings in said case to be transmitted to *Howard District court,* and not to the *court of Howard District of Anne Arundel county,* for trial.

2nd. Because the record of proceedings are ordered to be

Stewart *vs.* State.

transmitted to Howard District *court,* and not to the *judges* of the court of Howard District of Anne Arundel county.

3rd. Because the proceedings were not transmitted to an *adjoining county.*

By the act of 1838, ch. 22, and the act of the succeeding session, (1839, ch. 49,) the constitution and form of government were so altered as to erect Howard District out of a part of Anne Arundel county. By the 4th section of the act of 1838, a court is established to be styled *"The court of Howard District of Anne Arundel county."* The record of proceedings in this case was ordered to be transmitted to *"Howard District court."* The first cause of error assigned, consists in the fact that the style of the court as given in the act of 1838, ch. 22, was not strictly followed in the order of Baltimore city court, directing the transmission of the record of proceedings.

It must be observed that, the order of Baltimore city court did not simply designate the court to which the record was to be transmitted, as Howard District court, but to such court "to be held at Ellicotts Mills on the third Monday of September," &c. Here is not only a designation of a court by name and style, but by the *place* and *time,* when and where it was to be held. By the 34th section of the act of 1839, ch. 98, the time for holding the court for Howard District is fixed as the third Monday of September in each and every year, and the record before us shows that it did hold a session at Ellicotts Mills on the third Monday of September, in the year 1851. If, therefore, there be any force in the objection, it must rest entirely on the fact, that the order of Baltimore city court did not strictly pursue the language of the act of 1838, in giving the style of the court to which the record of proceedings was to be removed.

We do not think the objection tenable. Apart from the fact that there was no other Howard District in the State, at the time of the removal, the court authorized to be holden within its limits, has been on several occasions designated by acts of Assembly as "Howard District court." One of them

Stewart *vs.* State.

has special reference to the removal of cases. The first section of the act of 1846, ch. 159, provides, "that from and after the passage of this act, that no cause, civil or criminal, removed from any of the counties of this State, or the city of Baltimore, to the "court of Howard District," shall be taken up for trial, until all the business originating in said district, ready for trial, and which shall require the intervention of a jury, shall be tried, &c., and in the second section of the same act, the court is styled as in the order of Baltimore city court, "*Howard District court.*" We think the designation sufficiently definite, conforming not only to the *time* and *place* where the court was to be held, but, using the language which the legislature has thought proper to employ when speaking of the jurisdiction of the court.

The second and third objections are settled by the decision of the Court of Appeals, in their opinion, at December term 1849, pronounced in the case of *John Price vs. The State.* In that case the transcript of the record had been removed to Anne Arundel county court, and not to the *judges* thereof; but the court held that it was sufficiently definite, and also that cases could be removed from Baltimore city. Whatever question there may be under the present constitution of the State, whether Baltimore city is *now* a part of Baltimore county, there could be none at the time the case under consideration was removed. But in addition to this, the 4th section of the act of 1838, ch. 22, provides, that cases may be removed to and from the court of Howard District, "in the same manner as if it were one of the county courts of this State;" and the first section of the act of 1846, ch. 159, expressly recognizes the right of removal, both in civil and criminal cases, *from* Baltimore city to Howard District.

We discover no error in the judgment we have been called upon to inspect and revise, and accordingly affirm the judgment pronounced in this case by the court of Howard District of Anne Arundel county.

*Judgment affirmed.*