## STATE OF MARYLAND vs. PHILIP SHILLINGER.

Under the present constitution of the State, Baltimore city is not a part of Baltimore county, but is a separate and distinct part of the State for purposes of government.

Under the provisions of the constitution authorising the removal of cases for trial, a criminal case can only be removed from the criminal court of Baltimore city to a county *adjoining said city*.

ERROR to the Circuit Court for Howard County.

This writ of error was sued out by the State, from the equity side of the circuit court for Howard county, alleging error in the judgment of said court, (BREWER, J.,) remanding this cause to the criminal court of Baltimore city. The facts of the case are stated in the opinion of this court.

The cause was argued before LE GRAND, C. J., ECCLESTON and TUCK, J.

*John T. B. Dorsey,* States Attorney for Howard county, for the plaintiff in error, argued.

1st. The right to remove a cause for trial does not depend upon the constitution, but is a *common law* right. 1 *Chitty's Crim. Law,* 201. The criminal court of Baltimore city, unlike the other courts of the State, is a court of peculiar *jurisdiction.* By the 13th section of the 4th article of the constitution, it has conferred upon it "all the jurisdiction formerly exercised by Baltimore city court." This latter court was the successor of the old court of oyer and terminer, and by various acts of Assembly, had all the jurisdiction, rights and powers, which that court had and exercised. Now I insist, that if the court of oyer and terminer had the right to remove a case to a county adjoining Baltimore county, the present criminal court of Baltimore city has the same power and right, and that there is no provision of the present constitution restricting such power. And that the court of oyer and terminer had the power to make such removals, is clear from the authorities. 6 *H. & J.,* 268, *State vs. Dashiell.* 8

57      v.6

*Gill*, 295, *Price vs. The State.* 1 *Md. Rep.*, 129, *Stewart vs. The State.*

2nd. All the rights and powers of the court of Howard district of Anne Arundel county, attach to the court for Howard county, by the 1st section of the 8th article of the constitution. The right of removal to the court of Howard district of Anne Arundel county, from Baltimore city court, is recognised by the acts of 1838, ch. 22, sec. 4, and 1846, ch. 159. See also 1 *Md. Rep.*, 129, *Stewart vs. The State. Ibid.*, 135, *State vs. Manly.*

No counsel appeared for the defendant in error.

TUCK, J., delivered the opinion of this court.

Philip Shillinger was indicted in the criminal court of Baltimore city for selling liquor on Sunday. Upon his suggestion and affidavit, the criminal court ordered the record of proceedings to be transmitted to the circuit court for Howard county. The traverser, by his counsel, moved "that the cause be remanded to the criminal court of Baltimore city," upon the ground "that the circuit court for Howard county had no jurisdiction—Howard not being an adjoining county to Baltimore city." Upon this motion the circuit court ordered the record to be returned to the criminal court, "being of opinion that the said court had no jurisdiction in said cause." The case is now in this court on a writ of error.

It has been decided by this court, in *Wright vs. Hamner*, 5 *Md. Rep.*, 370, that Baltimore city and county are separate and distinct parts of the State for purposes of government. The city is no longer a part of the county for such purposes, but must be regarded as an adjoining jurisdiction. Upon this view of the relation of the city and county to each other it was held, that a civil case might be removed from the Superior Court of Baltimore city to the circuit court for the county. It cannot be maintained, that the city is separate from the county as to the civil jurisdiction of its courts, and a part of it as to the administration of criminal law. The proviso in the 28th section of the 4th article of the constitution does not affect the point before us. The power of removal to any adjoining

county in criminal causes is general. In civil cases it is restricted to an adjoining county within the circuit, except as to the city of Baltimore, whose courts are authorised to remove such cases to an adjoining county, because otherwise there could be no removal in these cases, inasmuch as the city of Baltimore is a distinct jurisdiction and does not form a part of any judicial circuit. The removal cannot be sustained under this section of the constitution.

But it is said on the part of the State, that because Baltimore and Howard counties adjoin, the removal may be made in virtue of the 13th section of the 4th article, which confers on the criminal court all the jurisdiction exercised by the former Baltimore city court, and, without doing violence to the 28th section, limiting removals to adjoining counties in criminal cases. It is true, that under the constitution and laws prior to the present constitution, Baltimore city court had power to remove indictments to counties adjoining Baltimore county and to Howard District. *Price vs. State*, 8 *Gill*, 308. *Stewart vs. State*, 1 *Md. Rep.*, 134. But the question here is, whether that power has not been restricted by the constitution? If we give this construction to the 13th section, we should nullify that provision which expressly limits removals to adjoining counties; whereas, by interpreting it as restrictive of the right previously exercised, and as placing causes in the criminal court on the same footing with indictments in other courts, both clauses may well stand together, and be more consonant with the separate and distinct character which the city of Baltimore now sustains towards the counties of the State under other clauses of the constitution.

It is immaterial whether the right is founded on the common law, or derived from the constitution, so far as concerns this question. Its exercise by the courts is regulated at present by the constitution, and until some "further remedy in the premises be provided by law," the courts must be governed by its provisions.

Concurring with the court below in its opinion that the record was improvidently transmitted to Howard county, we affirm the judgment. *Judgment affirmed.*