# WILLIAM SMITH *vs.* THE STATE OF MARYLAND.

*When an Appeal in a Criminal case is not well taken—Act of 1872, ch. 316, conferring the right of Appeal in Criminal cases—Amendment to section 8 of Article 4, of the Constitution of 1867, by the Act of 1874, ch. 364—When party not entitled to a Removal of his cause—Question as to the Right of the Removal of a cause.*

On the 9th of November, 1875, a party was indicted in the Criminal Court of Baltimore, for the violation of certain provisions of the Code of Public General Laws, relating to Lotteries. On the 18th of December, 1875, the traverser, *without pleading to the indictment*, made a suggestion in writing, supported by affidavit, that he could not have a fair and impartial trial in the said Court, and prayed the removal of the proceedings in his case to the Court of some adjoining Circuit for trial. On the 20th of the same month, the Court overruled the application for a removal, and the traverser prayed an appeal from such ruling. On the 4th of January, 1876, the Court signed the bill of exceptions tendered by the counsel for the traverser, and on the following day the counsel for the traverser made affidavit that the appeal was not taken for delay. HELD :

That the appeal was not well taken, and must be dismissed, the exception to the ruling of the Court having been taken before the traverser pleaded, and not at the trial, as required by the Act of 1872, ch. 316.

A party having been indicted on the 9th of November, 1875, in the Criminal Court of Baltimore, for violating certain provisions of the Code of Public General Laws, relating to Lotteries, on the 18th of December following, made a suggestion in writing, supported by affidavit, that he could not have a fair and impartial trial in the said Court, and prayed the removal of the record of proceedings in his case to the Court of some adjoining Circuit, for trial, but in making the suggestion, he did not, as required by the amendment to section 8, of Article 4, of the Constitution of 1867, (Act of 1874, ch. 364,) which went into effect on the 15th of November, 1875, "make it satisfactorily appear to the Court, that the suggestion was true, nor that there was reasonable ground for the same." HELD :

Smith *vs.* State.

That having failed to comply with the condition imposed by the amendment to the Constitution, the traverser was not entitled to have his case removed.

The question of the right to remove a cause, should be brought before the Court of Appeals, by a petition assigning errors, and not by a bill of exceptions.

APPEAL from the Criminal Court of Baltimore.

The case is stated in the opinion of the Court.

The cause was submitted to BARTOL, C. J., STEWART, BOWIE and ALVEY, J.

*Frank X. Ward*, for the appellant.

The appellant having been indicted previous to the adoption of the Constitutional amendment, the Court did wrong in refusing his prayer, as he was entitled to the right of removal, secured to him by the Constitution in force at the time when the indictment was found, upon his filing his suggestion with the proper affidavit, whenever his case might be called for trial, otherwise, he would be deprived of a vested right, and the amendment would be retroactive and retrospective.

A statute which *takes away or impairs any vested right acquired under existing laws,* or creates a new obligation, or imposes a new duty, *or attaches a new disability* in respect to transactions or considerations already past, is to be deemed retrospective or retroactive. *Soc. for Prop. of Gospel vs. Wheeler,* 2 *Gallison,* 105 ; *Calder vs. Bull,* 3 *Dall.,* 390.

It has been held in many instances, that enactments of the Legislature, creating new exceptions or defences, or modifying previous remedies, shall be so construed as not to affect rights of action which have attached and become vested under the original law and existing at the time of the repealing statute. *Bedford vs. Shilling,* 4 *Serg. & Rawle,* 401 ; *Duffield vs. Smith,* 3 *Serg. & Rawle,* 590.

A statute may have a retroactive or retrospective effect for some purposes, as statutes of oblivion or pardon, but it can have no such effect if it comes within the purview of some express prohibition contained in a State Constitution. *Sedgwick on Cons. of Stat. and Con. Law,* 173.

The object of the right or privilege of removal of a case is to secure a fair and impartial trial and promote the ends of justice, by getting rid of the influences of some local prejudice which might operate detrimentally upon the rights of parties to the suit, and this right or privilege, so valuable, has been enlarged, secured, and placed upon a more sure and certain foundation by Constitutional provisions, embodied in all our State Constitutions from 1806 to 1867. *Negro Jerry, et al. vs. Townshend,* 2 *Md.,* 278; *Wright vs. Hamner,* 5 *Md.,* 370; *Griffin vs. Leslie,* 20 *Md.,* 18. And whenever this privilege or right has come under consideration by the Courts, it has been construed liberally to secure this object. *Cooke vs. Cooke,* 41 *Md.,* 367.

*Attorney General Gwinn,* for the appellee.

BOWIE, J., delivered the opinion of the Court.

The appellant was indicted on the 9th of November, 1875, in the Criminal Court of Baltimore, for violating the provisions of the Code of Public General Laws, relating to lotteries.

On the 18th of December following, he filed a suggestion in writing, that he could not have a fair and impartial trial in that Court, and prayed the record of the case might be removed to some adjoining Circuit for trial, with an affidavit that the suggestion was true, annexed. The Court after argument, overruled the motion for removal on the 20th of December, when the accused prayed an appeal. On the 4th of January, 1876, the accused tendered his bill of exceptions setting out the preceding facts, and prayed an appeal.

The appellant insists that being indicted prior to the amendment of the Constitution, qualifying the right of removal in certain specified criminal cases, he was entitled to a removal of his case absolutely, upon filing his suggestion and affidavit, according to the original provisions of section 8, Art. 4. The State on the other hand maintains, that the amendment submitted by the Act of 1874, ch. 364, and adopted, as proclaimed by the Governor on the 15th of November, 1875, required the party making the suggestion, "to make it satisfactorily appear to the Court, that such suggestion is true," which condition was not complied with. The appellant contends, that this amendment restricts, if it does not actually take away the right of removal in criminal cases, and cannot operate retrospectively on vested rights.

Preliminary to the consideration of the main question, the State excepts to the jurisdiction of this Court, because the Act of 1872, ch. 316, conferring the right of appeal in criminal cases, requires the bill of exceptions to be taken at the trial, whereas the bill of exceptions in this case, was taken before the appellant had pleaded.

This objection we think is well taken.

An application for the removal of a cause, must always be made before the trial commences. Its very object is to have a trial in some other Court. Hence it has been held that the right of removal must be exercised before the trial or any part of the trial is had in the Court ordering the removal. The trial can only be said to commence in contemplation of the law regulating removals, when the jury is impanelled. *Price vs. The State*, 8 *Gill*, 302.

The appellant has mistaken the mode of bringing the question of the right of removal before this Court, in filing his bill of exceptions, instead of filing his petition assigning errors, in lieu of a writ of error. The right of removal, although a highly cherished adjunct to the trial by jury, is not one of those inalienable natural rights which cannot be regulated or modified by positive law.

The power to remove causes from one county to another, was an acknowledged part of the ordinary jurisdiction of the Court of King's Bench in England, but in this State, it has been regulated by legislative and constitutional provision. *Vide Price vs. The State*, 8 *Gill*, 302. After it became a constitutional right, it was held, the Legislature by ordinary legislation, could not restrain but might enlarge it. Yet it has always been subject to be modified by constitutional amendment.

By the 8th section of Art. 4 of the Constitution of 1867, the Judge, etc., was required to order and direct the record of proceedings, in any suit, action or indictment, pending in such Court, to be transmitted to some other Court, etc., having jurisdiction in such cases, whenever any party to such cause or the counsel of any party, shall make a suggestion in writing, supported by the affidavit in writing of such party or his counsel, or other proper evidence, that the party cannot have a fair and impartial trial in the Court in which such suit, etc., is pending.

This section was amended by an Act of the Legislature of the session of 1874, ch. 364, adopted by the people as per proclamation of the Governor on the 15th November, 1875. This amendment provides "that in cases of presentment or indictment, other than for offences which are or may be punishable by death, pending in any of the Courts of law in this State, having jurisdiction thereof, *in addition to the suggestion in writing of either of the parties to such presentment or indictment, that such party cannot have a fair and impartial trial in the Court in which the same. may be pending, it shall be necessary for the party making such suggestion, to make it satisfactorily appear to the Court that such suggestion is true*, or that there is reasonable ground for the same, and thereupon the said Court shall order and direct the record of proceedings, etc., to be transmitted."

The power which conferred the right of removal had ample authority to modify its exercise, or alter or change it in pending cases.

This amendment of the Constitution was in full operation before the appellant's suggestion was filed. It qualified the preceding absolute right and made it conditional.

It was the duty of the appellant to comply with the reasonable restrictions imposed or forego the privilege.

The most jealous advocate of constitutional privileges or vested rights, cannot discern the remotest trace of retroactive legislation in these proceedings.

If the appeal had been well taken, or a petition assigning errors filed, the Court would have affirmed the action of the Court below, but for want of jurisdiction the appeal must be dismissed.

*Appeal dismissed.*

(Decided 12th May, 1876.)