Dulany *vs.* The State.

## JOHN DULANY *vs.* THE STATE OF MARYLAND.

*Exception not Authorized by law—Exceptions in Criminal cases—Amendment to the Constitution in regard to the Removal of Causes for trial—Right of the Removal of Cases for trial.*

An exception to the refusal of the Court to order and direct the removal of the record of proceedings in a criminal case, to the Court of some adjoining Circuit for trial, is not authorized by law, and will not be reviewed on appeal.

Exceptions in criminal cases can be taken only "to such ruling or determination of the Court," as may be made at the trial.

A party was indicted on the 9th of November, 1875, for a violation of the Lottery laws. On the 18th of December following, he filed a suggestion in writing, supported by affidavit, for the removal of the record of proceedings in the case to the Court of some adjoining Circuit for trial. An amendment in regard to the removal of causes for trial, made to Section 8 of Article 4 of the Constitution of 1867, by the Act of 1874, ch. 364, went into effect on the 15th of November, 1875. HELD:

That although the traverser was indicted before 15th of November, 1875, the question of his right to have his case removed, was to be governed by the

Dulany *vs.* The State.

provisions of the amendment to the Constitution which went into effect on that day.

The right to have one's case removed for trial is not a vested right; it is only a remedy given to secure an impartial trial, and may be altered or modified at any time by the proper authority.

APPEAL from the Criminal Court of Baltimore City.

The case is stated in the opinion of the Court.

*Exception.*—Before the trial, the defendant filed a suggestion in writing, supported by affidavit, that he could not have a fair and impartial trial in the Criminal Court of Baltimore City, and prayed the Court to order and direct the removal of the record of proceedings in his case, to the Court of some adjoining Circuit for trial; this prayer the Court (GILMOR, J.,) refused, and the defendant excepted and took this appeal.

The cause was submitted to BARTOL, C. J., STEWART, BRENT, GRASON, MILLER, ALVEY and ROBINSON, J.

*Frank X. Ward,* for the appellant.

*Attorney General Gwinn,* for the appellee.

BRENT, J., delivered the opinion of the Court.

The appellant was indicted in the Criminal Court of Baltimore City, on the 9th of November, 1875, for a violation of the Lottery laws of this State, in permitting a house, of which he was the owner, to be used as a place for selling lottery policies.

On the 18th of December following he filed a suggestion, with affidavit, for the removal of the proceedings in the case to another Court.

His application being refused, he thereupon took an exception to the ruling of the Court, and this appeal is brought up upon the exception so taken.

Dulany *vs.* The State.

Exceptions in criminal cases are authorized in this State alone by the Act of 1872, ch. 316. Under its provisions, however, they are restricted, and can be taken only "to such ruling or determination of the Court," as may be made *at the trial.* In the present case the exception was taken before the traverser had pleaded, or any trial had commenced. His exception was taken therefore without any authority of law, and the case is not properly before us. Instead of taking and filing a bill of exceptions, he should have resorted to his petition assigning errors.

But even if the appeal could be entertained, the ruling of the Court below would be affirmed. The ground of error alleged is, that the traverser being indicted before the 15th of November, the question of his right to remove his case was not affected by the amendment of the Constitution, in regard to the removal of causes, which went into effect on that day, and before his application for removal.

It is argued in his behalf, that the right of removal under the provision of the Constitution, which was in force when the indictment was filed, is to govern his case, and that the right was a vested one which could not be impaired by any subsequent amendment.

A right conferred in regard to the removal of causes does not fall within the class of vested rights. It is but a remedy given to secure an impartial trial, which at any time may be altered or modified by the proper authority.

The case of *William Smith vs. State of Maryland,* 44 *Md.*, 530, is in all respects precisely similar to the present one. In that case the same questions were presented, and are reviewed in the opinion of the Court. It was held that the appeal must be dismissed for want of jurisdiction, and such must also be our determination in this case.

*Appeal dismissed.*

(Decided 16th June, 1876.)