## WILLIAM C. WRIGHT *vs.* JAMES G. HAMNER.

The act of 1854, ch. 325, entitled, "An act relating to the trial of facts in the several *circuit courts* of this State," and providing for the removal of causes to any adjoining county, whether within the judicial circuit or not, and allowing suggestions for the removal to be made at any time after the term at which issue was joined, is constitutional, and embraces the courts of the city of Baltimore.

The clause of the 28th sec. of the 4th art. of the constitution, upon the subject of the removal of causes, was designed to secure beyond the control of the legislature the general right to parties to remove their causes, but not to prohibit the legislature from *enlarging* that right at any time.

Under the present constitution and laws, Baltimore county and Baltimore city are two separate and independent municipal corporations for all governmental purposes, and the former is an *adjoining county* to the latter.

APPEAL from the Superior Court of Baltimore city.

Issues were sent from the orphans court to the Superior court of Baltimore city during its September term, 1852, to try the validity of the will of Edward Wright, deceased. The cause was tried at May term, 1853, and the jury having failed to agree it was continued until May term, 1854, and the 12th day of June in that term fixed for its trial. On the 7th of June of that year, the appellee, under the act of 1854, ch.

325, filed his affidavit and suggestion for a removal, and the court thereupon ordered the cause to be removed to the circuit court of Baltimore county.   From this order this appeal is taken.

The cause was argued before LE GRAND, C. J., ECCLESTON MASON and TUCK, J.

*S. T. Wallis* and *Reverdy Johnson* for the appellant.

The removal can only be sustained under the act of 1854, ch. 325, which modifies the 28th section of the 4th article of the constitution so as to permit the affidavit and suggestion of re-moval to be made *after* the term at which issue has been joined. The questions, therefore, are:—1st, is this act constitutional? 2nd, if constitutional, does it apply to the courts of the city of Baltimore? and 3rd, does it authorise a removal to Baltimore county as an "adjoining county" to the city of Baltimore?

1st.  The act is clearly unconstitutional unless the power to pass it be derived from the language in the section already referred to, that "such further remedy in the premises may be provided by law as the legislature shall from time to time direct and enact."   The act clearly *repeals* the constitutional provision in the same section requiring the suggestion for re-moval to be made at the term at which issue is joined.   Now if, under the power to provide *"further remedy,"* the legisla-ture can repeal one part of the constitution it can the whole. Taking the whole section together, the construction seems to be, that the legislature has the power to provide "further remedy" within the limits of the right which the constitution secures, but not beyond them; that its function is to apply the constitutional provisions by apt legislation, not to repeal them or create new ones.   The cases of *The State vs. Dashiell*, 6 *H. & J.*, 268, and *Cromwell vs. The State*, 12 *G. & J.*, 257, interpreting similar words in the old constitution, have deter-mined, that the words, "promote further remedy in the premi-ses," were not meant to authorise legislation *"repugnant* to the act of 1804," but only conveyed an authority to prescribe "the manner and terms" to be observed by parties availing themselves of the constitutional right.   The case of *Negro*

*Jerry vs. Townshend,* 2 *Md. Rep.*, 274, by adopting the doctrines of the case of *The State vs. Dashiell,* justifies a reliance upon the latter case in this argument, and can hardly be held to interpret the meaning of the present constitution, in this particular, so absolutely as to preclude an argument upon it.

2nd. But the *title* of the act of 1854 expressly confines it to the *"circuit courts,"* which is exclusively the designation of the county courts, by the 8th sec. of art. 4 of the constitution. The effect of the title, as an element of statutory construction, is rendered more stringent than heretofore by the constitutional provision, *art. 3, sec.* 17, that "every law shall embrace but one subject, and *that shall be described in the title.*" This provision is not merely directory, but was intended to carry out an important branch of public policy, that of making all legislation honest and fair—with a palpable object and none concealed. But at all events, the effect of the title is to show the legislative intention, and coupled with the terms of the first section, it seems to exclude the city of Baltimore from the operation of the statute altogether.

3rd. The case of *The State vs. Dashiell* determines expressly that Baltimore county is not an adjoining county to Baltimore city. The removal there was from the city court, a tribunal, peculiar to the city, of limited jurisdiction, having a *judicial circuit* of its own for criminal business, and in every point of view as separate from the rest of the county for judicial purposes, as is the Superior court now. Except that its juries were summoned by the county sheriff, it was in all particulars distinct, judicially, from the county, and even the venue of the juries was different, though the sheriff was the same. It is not perceived, therefore, why or how the same principle ruled as to the city court does not apply to the Superior court. Cases of criminal offences, often involving life, are constantly sent to Anne Arundel, Howard and·Harford counties, which have been heard and tried as rightfully removed, which it is impossible they can be, if the construction on the other side, be correct. If Baltimore county is *adjoining* the city, it is the *only* one which adjoins it, and removals to any other must be illegal and trials in any other mistrials. Geo-

graphically, the city is in contact with no county but Baltimore county. The constitution obviously meant to disregard this geographical contact, and adopt the view of the case of *The State vs. Dashiell*, treating counties adjoining Baltimore county as adjoining the city, for speaking of removals from Baltimore city it says, "the removal may be to *an* adjoining county." Had Baltimore county been contemplated, "*the* adjoining county," or "Baltimore county," in terms, would have been the phrase, as there would have been but one. The indication that there are several, puts Baltimore county out of the question.

*William Schley* and *John Nelson* for the appellee.

If the act of 1854, ch. 325, extends to the courts of Baltimore city; and if Baltimore county is an *adjoining county* to Baltimore city, and the act is constitutional, the removal was properly made.

1st. The act does extend to the courts of Baltimore city. By sec. 8, art. 4, of the constitution, the State is divided into eight judicial circuits, and Baltimore is the fifth judicial circuit, and its courts are the courts of the fifth judicial circuit. The title of the act, *in terms*, applies to the courts of the fifth judicial circuit, for although not *called* circuit courts, the courts of Baltimore city are *in fact* the circuit courts of the fifth judicial circuit. The title means all the same as if it had been written, "in the courts of the several circuits of the State," instead of, the "several circuit courts of the State." Again, the direction in the constitution, that *the subject* of the law shall be described in the title, is merely *directory* to the legislature, like the similar provision in the 9th section of the 4th art., "that the judges shall be taken from among those who, having the other qualifications herein prescribed, are most distinguished for integrity, wisdom, and legal sound knowledge."

2nd. The act is constitutional. By the concluding words of the 28th section of the 4th article, if the question was *res integra*, power is given to the legislature, as far as *the remedy* is concerned, over the whole matter of removal of causes. They could not abridge the right of removal. They may en-

*large* the remedy already given.   They may provide a *further remedy* to secure a fair and impartial trial.   But the very point has been decided.   The language of this section is the same word for word as that in the act of 1804, ch. 55, and on this act the decisions are clear and unambiguous.   Besides the cases referred to on the other side, see particularly the case of *Townshend vs. Townshend,* 9 *Gill,* 506, which involves the very point in this case.   Also the case of *Price vs. The State,* 8 *Gill,* 295.   The case of *Negro Jerry vs. Townshend,* 2 *Md. Rep.,* 247, is an express decision by the present Court of Appeals, and the point is directly decided and sustained by clear and unanswerable reasons.

3rd.  Baltimore county is clearly an adjoining county to the city of Baltimore.   The proposition on the other side is, that the only county which adjoins the fifth judicial circuit is not an adjoining county to that circuit.   Now, though for some purposes the city had separate rights anterior to the new constitution, yet, in fact, and in truth, it was a component part of Baltimore county.   It was *in* the county under the old constitution, but under the new one it is as separate and distinct from the county, as from any other county in the State.   Baltimore county *adjoins* the city, it does not include it.

MASON, J., delivered the opinion of this court.

The present appeal involves the question of the legality of the removal of this cause from the Superior court of Baltimore city, to the circuit court of Baltimore county.

The removal was ordered under the act of 1854, chap. 325.

In the consideration of this appeal, three questions arise: *First*, is the act of 1854 constitutional?   *Secondly*, if constitutional, does it embrace within its operation the courts of the city of Baltimore?   And, *Thirdly*, if the first two propositions be correct, is Baltimore county an adjoining county to Baltimore city?

We think the first point has been settled by the case of *Negro Jerry vs. Townshend* 2 *Md. Rep.,* 274.   The clause of the new constitution upon this subject, is substantially, if not literally the same with the old, which we have construed in

that case. We are of the opinion that the clause in the constitution upon the subject of the removal of causes was designed to secure to parties, beyond the control of the legislature, the general right to remove their causes under certain specified circumstances, but it was not the design of the constitution to prohibit the legislature from enlarging the right at any time. We regard the act of 1854, chap. 325, as but the legitimate exercise of that power. *Townshend vs. Townshend*, 9 *Gill*, 506.

In the second place we must inquire whether this act embraces the courts of the city of Baltimore. We think it does. It has been urged, that by the new constitution the subject of a law must be indicated by its title, and as this act provides for the trial of facts in the *several circuit courts* of the State, the Superior court of Baltimore cannot be embraced within its operation. The Superior court is certainly one of the courts of one of the judicial circuits of the State: Baltimore city being by the 8th section of the 4th article of the constitution made the fifth judicial circuit: Therefore, the Superior court being a court of one of the judicial circuits of the State, may be regarded in the ordinary interpretation of language, as one of the *circuit courts*, within the meaning of the title of the law. The Superior court would be clearly embraced by the general language employed in the body of the law, and there being no direct repugnancy with the terms of the title, we must regard this court as within the operation of the act. This view seems to accord with good sense and reason.

Is Baltimore county, an *adjoining county* to Baltimore city? is the remaining question to be settled.

The whole theory of the present constitution and laws of this State, appear to be based upon the idea, that Baltimore *county and city* are two separate and independent municipal corporations for all government purposes. By the 28th sec. of the 4th article, the constitution expressly confers the power to remove a cause from the *city* to an adjoining county. And by the 8th sec. of the same article, the separate and independent existence of the county is as clearly recognized. In fact, throughout the whole instrument, these two munici-

palities are treated as separate, independent and distinct inte-
gral parts of the whole State. Though one is a *city* and the
other a county, yet their relative position to the State seems
to be the same, and the geographical lines that separate them
from each other are clearly defined. At one time the city was,
for many purposes of its government, a part of the county.
Such was its condition when the decision in the case of *The
State vs. Dashiell,* 6 *H. & J.,* 268, was made. This state
of things has now been totally changed, and the reasons as-
signed by the court in the case of *Dashiell vs. The State,*
why a removal from the the city to the county, would not
gratify the constitution, can have no application whatever to
a removal at the present time, because the government of the
two are now in all respects different and independent.

In order that the order of the Superior court removing this
cause may be consummated, we affirm the same and remand
the cause.

*Order affirmed with costs, and cause remanded.*