MONTGOMERY MCMILLAN *vs.* STATE OF MARYLAND.

*Order Removing or Refusing to Remove a Cause—Appeal—*
*Writ of Error—Removal of Criminal case—Affidavit by*
*State's Attorney—Sec. 8, of Art. 4, of the Constitution*
*as Amended by Act of 1874, ch. 364.*

An order removing or refusing to remove a cause, civil, or criminal, to another Court for trial, finally adjudicates a constitutional right of the party affected by the order; and is regarded as a judgment from which, according to the nature of the case, an appeal or writ of error may be immediately prosecuted.

Under the eighth section of the fourth Article of the Constitution, as amended by the Act of 1874, ch. 364, the State may have a criminal case removed to another Court for trial, and the State's Attorney is the proper person to make the suggestion and affidavit for removal; and this may be done at any time before the panel of jurors is sworn.

APPEAL as upon WRIT OF ERROR, from the Circuit Court for Alleghany County.

The plaintiff in error was indicted by the Grand Jury of Alleghany County, for the murder of Philip Lemmert. When the cause came on for trial at the October Term of the Circuit Court for said county, and after eleven jurors had been accepted and sworn, the State, through the State's Attorney for said county, filed a suggestion, supported by the affidavit of said attorney, that it could not have a fair and impartial trial of said cause in said Court, and prayed that the record of proceedings therein might be transmitted to some other Court having jurisdiction in such case, for trial. The prisoner offered the following objections to the removal:

1st. Because by reason of the eighth section of the fourth Article of the Constitution, the State in this case has no right of removal, because no person is designated

therein to make the affidavit, on its behalf, to the suggestion for removal.

2nd. Because if such right of removal does exist in the State, there is no authority in law for the making of the affidavit to the said suggestion of removal by the State's Attorney, and that he is not the proper person to make the same.

3rd. Because the application for removal was made too late.

The Court (HOFFMAN and SYESTER, J.,) overruled these objections, and passed an order directing the record of proceedings in the cause to be transmitted to the Circuit Court for Frederick County.

On the petition of the prisoner the record was removed to the Court of Appeals as upon writ of error, that the ruling of the Circuit Court might be reviewed.

The cause was submitted to ALVEY, C. J., YELLOTT, STONE, MILLER, ROBINSON, IRVING, BRYAN, and McSHERRY, J.

*David W. Sloan,* and *William Brace,* for the plaintiff in error.

*Charles B. Roberts, Attorney-General,* for the defendant in error.

BRYAN, J., delivered the opinion of the Court.

An order removing or refusing to remove a cause, civil or criminal, to another Court for trial, finally adjudicates a constitutional right of the party affected by the order. And it is regarded as a judgment from which, according to the nature of the case, an appeal or writ of error may be immediately prosecuted. *Wright vs. Hamner,* 5 *Md.,* 375; *State vs. Shillinger,* 6 *Md.,* 449; *Griffin vs. Leslie,* 20 *Md.,* 15. In *Cromwell vs. State,* 12 *Gill and Johnson,* 257, the judgment was affirmed; although the attention

of the Court was called to the circumstance that the writ of error was sued out before sentence. In this last case, however, the Attorney-General declined to take any objection to the writ on this ground, and no notice of it was taken in the opinion of the Court. An order of this kind, however, cannot be made the subject of a bill of exceptions under the Act of 1872, chapter 316, and the subsequent statutes re-enacting and amending it. *Smith vs. State*, 44 *Md.*, 530 ; *Dulaney vs. State*, 45 *Md.*, 99.

We do not sustain any of the assignments of error. The eighth section of the fourth Article of the Constitution was altered in some respects by the ratification of the amendment proposed in the Act of 1874, chapter 364. We do not doubt the right of the State to remove a criminal case under the provisions of the amended section ; and we think that the State's Attorney is the proper person to make the affidavit for removal in behalf of the State. We also approve of the decision in *Price vs. State*, 8 *Gill*, 295, that the removal may be made at any time before the panel of twelve jurors is completed by being duly sworn.

*Judgment affirmed.*