## LEVI Z. CONDON *vs.* MARTHA E. GORE, by Her Next Friend, LEWIS D. GORE.

*Election of Jury Trial in Civil Cases in Baltimore City—Practice—Amendment of Declaration—Appeal.*

Under Rule 50 of the Supreme Bench of Baltimore City, a party who elects to have his case tried before a jury must do so by filing a writing distinct from the pleadings. In this case, the plaintiff wrote and signed on the outside of the cover enclosing the declaration under the proper title of the Court and case, the following direction: "Mr. Clerk : Please file this declaration and notice to plead and mark the case for a jury trial." *Held*, that this was a sufficient election of a jury trial under the rule.

Where an election for a jury trial was made in the above-mentioned manner, the subsequent filing of an amended declaration does not withdraw such election.

The provision of the said rule of Court, requiring the plaintiff to file his election of a jury trial within fifteen days after the filing of the declaration, means the filing of the original declaration and the plaintiff who has failed to make his election within that time, cannot enlarge his privilege by amending his declaration after the expiration of such time.

An appeal lies from an order of Court determining whether a case shall be tried with or without a jury, because such order determines a constitutional right.

Appeal from the Baltimore City Court.

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, PEARCE and SCHMUCKER, JJ.

*R. B. Tippett*, for the appellant.

*H. P. Jordan*, for the appellee.

SCHMUCKER, J., delivered the opinion of the Court.

This is an appeal from an order of the Baltimore City Court overruling a motion made by the appellant, who was defendant below, to place the case upon the non-jury docket.

The record presents for determination the single question

whether the appellee, who was plaintiff below, elected, within
the meaning of the 50th Rule of the Supreme Bench of Bal-
timore City, to have his case tried before a jury. The
amendment to the Constitution of this State, acted on by the
General Assembly of 1892, and afterwards adopted by the
people, authorized the Supreme Bench of Baltimore City to
provide by its rules for requiring cases in the Courts of
Baltimore City to be tried before the Court without a jury,
unless the litigants or some one of them should, within
such reasonable time or times as might be prescribed, elect
to have their cases tried before a jury. In pursuance of
the power thus conferred on them the Supreme Bench
adopted Rule No. 50, which puts the constitutional amend-
ment into operation and prescribes in detail how the right
to elect a jury trial must be exercised by parties to a suit
desiring to avail themselves of that privilege. The rule
requires the election to be made in writing and provides
that when the plaintiff desires a jury trial the election must
be made by him not later than fifteen days after the filing
of the declaration. It also directs the Clerk to keep a
separate trial docket for non-jury cases and to enter each
case thereon as soon as it is ascertained that it will not be
tried by a jury.

This amendment to the Constitution, and the rules of the
Supreme Bench adopted in pursuance of it, came before this
Court for consideration in the case of the *City Passenger R.
R. Co.* v. *Nugent*, in 86 Md. 360, and we then determined
that it was the obvious intent of the rule that an election for
a trial by jury should be a separate and distinct act, evi-
denced by a writing distinct from the pleadings, so that no
change in the latter could interfere with or affect the former.
In that case a prayer for a jury trial was filed by the plain-
tiff and was included in and made part of the declaration,
appearing therein immediately after the claim for damages.
That prayer was held bad by us because it formed no proper
part of the declaration, which is simply the statement of the
plaintiff's cause of action and has nothing to do with the

mode of trial, and also because of the impropriety of per-
mitting a claim for a trial by jury to be merged in one of
the pleadings and thus compelling the Clerk to examine all
of the pleadings to ascertain whether somewhere among them
there might be found a claim for a jury trial.

In the case at bar there appeared in the body of the dec-
laration a prayer for a jury trial in the same form as in
*Nugent's case,* which, under the ruling there made, must be
held bad.   On the outside of the cover to the declaration,
which consisted of a separate sheet of paper, the suit and
Court were properly entitled and underneath the title was
written the following direction: " MR. CLERK—*Please file
this declaration and notice to plead and mark the case for a
jury trial,*" which was signed by the plaintiff's counsel.

Although we think the proper practice for the party to
a suit in one of the Courts of Baltimore City, who elects to
have his case tried by a jury, is to file at the proper time a
separate written statement of his election for such a trial,
entitled in the case and signed by him or his counsel, we
cannot say that the written direction, used by the plaintiff
in the case at bar, to the Clerk, to mark the case for a jury
trial, did not constitute an election by him, within the 50th
Rule of the Supreme Bench, to have his case tried by a
jury.   It was not, it is true, a direct statement by the plain-
tiff that he elected to have a jury trial, but it was in effect
a declaration by him in writing of his desire for that form
of trial, and constituted a substantial compliance with the
terms of the Rule of Court, which does not contemplate an
application by the suitor to the Court for relief, but simply
the exercise by him of the choice of tribunals secured to
him by the Constitution.   It was not made a portion of or
merged in any of the pleadings, where it would be liable to
be overlooked by the Clerk, but constituted part of the
order to institute the suit and indicated to him, at the very
outset of the proceedings, upon which one of the two trial
dockets, which he is required to keep, the case was to be
entered.   We therefore think that the filing by the plaintiff,

when he instituted his suit, of this written direction to the Clerk to place the case on the jury docket, constituted an election by him of a jury trial within the meaning of the 50th Rule of the Supreme Bench.

The defendant demurred to the declaration and the Court below sustained the demurrer, and this Court, in 87 Md. 368, affirmed the judgment, but, inasmuch as the declaration disclosed a good cause of action, the case was remanded with leave to the plaintiff to amend his declaration. Nearly two years after the filing of the original declaration an amended declaration was filed by the plaintiff, which had endorsed on the outside of its cover an order to the Clerk to enter the case on the jury docket, in the form which we have said we regard as sufficient, signed by the plaintiff's counsel.

The appellant contends that the filing by the plaintiff of an amended *narr.* involved the withdrawal of the original one and that such withdrawal took out of the case the prayer for a jury trial, filed by the plaintiff with the original *narr.*, and that as the election of a jury trial endorsed on the amended *narr.* was manifestly too late, the case must now be tried before the Court without a jury. This contention of the appellant as to the effect of the amendment is sound so far as it relates to the prayer for a jury trial which was contained in and formed part of the original declaration, although, as we have already said, that prayer was bad for other reasons. We do not think, however, that the amendment of the declaration withdrew from the case the plaintiff's election to have his case tried before a jury, which was filed with the order to docket the suit. It is true this order was endorsed upon the cover to the original declaration, but it was made under a separate entitling of the case, and the Court, and was separately signed by the plaintiff's counsel and was in contemplation of law a separate act and was in no sense a part of the declaration itself, as the prayer in *Nugent's case* was. We therefore think that the Court below properly overruled the appellant's motion to put the case upon the non-jury docket.

We quite agree with the appellant that the prayer for a jury trial filed by the appellee with his amended *narr.* was not filed in time.    The provision of the Rule of Court requiring the plaintiff to file his election of a jury trial within fifteen days after the filing of the declaration, means the filing of the original declaration, and the plaintiff, who has failed to make his election within that time, cannot enlarge his privilege by amending his declaration after the expiration of the time within which he is required to make his election as to the manner in which his case shall be tried.    The appellee moved in this Court to dismiss the appeal, because the order appealed from was not final in its nature.    This motion must be overruled, because under the Constitution as now amended the right of the appellant to try his case in Baltimore City before the Court, unless a jury trial has been prayed in conformity to the Rule of the Supreme Bench of that city, is a constitutional right and it has been decided by this Court that an appeal lies from any order which settles a constitutional right.    *Griffin* v. *Leslie,* 20 Md. 19 ; *Wright* v. *Hamner,* 5 Md. 374.

It follows from what we have said that the order appealed from must be affirmed with costs.

*Order affirmed.*