337 A.2d 811.

SAMUEL CORRADO *et ux. vs.* CITY OF PROVIDENCE *et al.*

MAY 29, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

PER CURIAM. Once again Samuel Corrado and his wife are in court on alleged grievances stemming from the inclusion of their property within the East Side Renewal

Project No. R. I. R-4.[1] This time they instituted a civil action in the Superior Court on July 24, 1972, and named the city of Providence and various of its officials as the defendants. They challenge and seek to enjoin the city's abandonment of seven streets or alleys, two of which abut property located within the renewal area that was acquired from the Corrados by the Providence Redevelopment Agency by eminent domain. The case comes to us on the Corrados' appeal from an order denying the defendants' motion to strike the Corrados' claim to a trial by jury and assigning the case to a day certain for determination of whether issues of fact to be framed by the Corrados are appropriate to be tried by a jury.

After the case had been docketed in this court defendants moved to dismiss on the ground that the order appealed from is neither a final judgment appealable under G. L. 1956 (1969 Reenactment) §9-24-1, as amended by P. L. 1972, ch. 169, §10, nor the type of interlocutory order appealable under §9-24-7. At that time the papers in the case — particularly the Corrados' memorandum in opposition to the motion to dismiss — so inadequately delineated the issues that we believed the interests of justice would best be served if we allowed the contentions of the parties to be fully briefed and argued. Accordingly, we denied the motion to dismiss. *Corrado* v. *City of Providence*, 112 R. I. 928, 311 A.2d 52 (1973).

---

[1]*See, e.g., Corrado* v. *Providence Redevelopment Agency,* 113 R. I. 274, 320 A.2d 331 (1974); *Corrado* v. *Providence Redevelopment Agency,* 110 R. I. 549, 294 A.2d 387 (1972); *Corrado* v. *Providence Redevelopment Agency.* 107 R. I. 930, 270 A.2d 524 (1970); *Corrado* v. *Providence Redevelopment Agency,* 107 R. I. 628, 269 A.2d 551 (1970); *Corrado* v. *Providence Redevelopment Agency,* 105 R. I. 470, 252 A.2d 920 (1969).

The Corrados' brief did not fulfill our expectations, and it is difficult, if not impossible, to ascertain therefrom[2] the precise nature of their complaints. In oral argument, however, they conceded that the sole ground of their appeal is that it was error of constitutional proportions for the trial justice to deny their claim to an unqualified right to a trial by jury on all issues, and to direct them to frame within a specified time the issues of fact that in their judgment qualified for submission to a jury.

Obviously that ruling is not appealable as a final judgment. Nor in our opinion does it qualify for review either under §9-24-7 or because it otherwise possesses such elements of finality that it, though interlocutory, is nonetheless appealable under *McAuslan* v. *McAuslan*, 34 R. I. 462, 83 A. 837 (1912). It is apparent, therefore, that our earlier order denying the defendants' motion to dismiss the plaintiffs' appeal was improvidently entered.

Accordingly, we now deny and dismiss the plaintiffs' appeal, without prejudice to their right following entry of a final judgment to renew the assignments of error urged in this proceeding.

*Samuel Corrado*, pro se, for plaintiffs.

*Louis A. Mascia*, City Solicitor, *Timothy J. McCarthy*, for Providence Redevelopment Agency, defendants.

---

[2]"Did the trial justice abuse his judicial discretion and/or exercise a judicial censorship in violation of the due process, trial by jury, and liberty of press clauses of article 1 of the Rhode Island constitution and the free speech and press and due process and equal protection clauses of the first and fourteenth amendments of the United States constitution, where he heard and determined and made orders on defendant's renewed motion to strike the claim of right to trial by jury and censored plaintiff's arguments and objections raised thereon on state and federal grounds, by encompassing them within the ambit of the terms appearing in the transcript as (Further colloquy between the Court and Counsel) and (Further colloquy between the Court and Mr. Corrado)?"