483 A.2d 68

**Robert PARROTT**

v.

**STATE of Maryland.**

**Misc. No. 3, Sept. Term, 1984.**

Court of Appeals of Maryland.

Per Curiam July 10, 1984.

Nov. 2, 1984.

George E. Burns, Jr., Asst. Public Defender, for appellant.

Deborah K. Chasanow, Asst. Atty. Gen., for appellee.

Argued before MURPHY, C.J., and SMITH, ELDRIDGE, COLE, DAVIDSON,* RODOWSKY and COUCH, JJ.

PER CURIAM.

## ORDER

For reasons to be stated in an opinion later to be filed, a majority of the Court concurring, it is this 10th day of July, 1984

---

* Davidson, J., participated in the hearing and in the conference of the case in regard to its decision, but because of illness did not take part in the adoption of the opinion.

ORDERED, by the Court of Appeals of Maryland, that the State's motion to dismiss the appeal is granted, and the appeal is hereby dismissed with costs; and it is further

ORDERED that the mandate shall issue forthwith.

RODOWSKY, Judge.

Appellant sought immediate review of an interlocutory order of removal which was entered, in literal compliance with Maryland Constitution, art. IV, § 8, at the suggestion of the State as one of the parties to a capital murder prosecution.[1] This order is not appealable prior to final judgment because it is not within the collateral order doctrine.

A grand jury in Prince George's County indicted appellant, Robert Parrott (Parrott), for murder and other offenses. The State served notice that it was seeking the death penalty. Thereafter the prosecutor filed a suggestion of removal pursuant to art. IV, § 8. Parrott opposed removal but the Circuit Court for Prince George's County ordered the case to be transferred to the Circuit Court for Calvert County. That same day Parrott noted an appeal to the Court of Special Appeals from the order of removal. We issued the writ of certiorari prior to consideration of the matter by the intermediate appellate court. After the State moved in this Court to dismiss the appeal we heard arguments limited to the appealability issue. We dismissed Parrott's appeal by a *per curiam* order. This opinion records our reasons for that dismissal.

---

**1.** As amended in 1980, the relevant provision of Md. Const., art. IV, § 8(b) reads:
> In all cases of presentments or indictments for offenses that are punishable by death, on suggestion in writing under oath of either of the parties to the proceedings that the party cannot have a fair and impartial trial in the court in which the proceedings may be pending, the court shall order and direct the record of proceedings in the presentment or indictment to be transmitted to some other court having jurisdiction in such case for trial.

Parrott took the position that an interlocutory appeal lies in this case for either of two reasons. First, Maryland cases view certain removal orders as within a class of orders which grant or deny an absolute constitutional right and are on that ground immediately appealable. Secondly, the issue in this case meets the collateral order exception to the final judgment rule.

The State recognized that its position of nonappealability conflicts with certain earlier cases. The State submitted, however, that later decisions which look to the collateral order doctrine had eroded the constitutional right approach to appealability and that the subject appeal fails the collateral order test.

The fundamental problem presented here is that our decisions have used at least two different analyses to determine the appealability of interlocutory orders. Where the order appealed from involved an art. IV absolute right to a removal and the particular issue presented did not involve any trial court discretion, we have said the aggrieved party could appeal immediately. In appeals noted from interlocutory orders implicating some other constitutional rights, this Court has determined appealability by referring to the collateral order doctrine, either exclusively or in conjunction with a constitutional right analysis where the two approaches produced the same result. Here the results conflict. As we did when faced with a similar conflict in *Stewart v. State*, 282 Md. 557, 386 A.2d 1206 (1978), we applied the collateral order doctrine in dismissing Parrott's appeal. To explain more fully the problem and its solution requires a review of two lines of cases.

The first line of cases treats appeals in Maryland from orders dealing with removal, a subclass of appeals involving rulings on constitutional rights. In *Wright v. Hamner*, 5 Md. 370 (1854), this Court entertained an immediate appeal taken from a removal by the party who had opposed granting it for lack of a timely request. The opinion went directly to the merits without any discussion of appealabili-

ty. The fact that this Court had not questioned appealability in *Wright* was referred to in *Griffin v. Leslie*, 20 Md. 15, 18–19 (1863), in which we allowed an appeal by the party seeking removal from the trial court's refusal to do so. There we said that

> [a]n order of the court overruling the application [for removal], is unlike ordinary rulings on motions, such as motions for a new trial and other motions addressed to the discretion of the court, from which there is no appeal; and unlike rulings in demurrers and other interlocutory judgments, where no appeal lies until final judgment; but the refusal of the application for removal does finally settle a constitutional right of the party, the exercise of which, when demanded, is essential to the impartial administration of justice and should not be withheld or postponed. [*Id.* at 19.]

An appeal in a civil case by the party who had unsuccessfully sought removal was also entertained, without discussion of appealability, in *Price v. Nesbitt*, 29 Md. 263 (1868).

Article IV, § 8 was amended in 1875 as to criminal prosecutions. The amended provision limited the absolute right of removal to capital cases. In other criminal cases there had to be a showing satisfactory to the trial court that prejudice in fact existed before removal would be granted. *McMillan v. State*, 68 Md. 307, 1? A. 8 (1888) was a capital case which arose under amended art. IV, § 8. Just before the twelfth juror had been accepted and sworn for the trial of a criminal case, the State's Attorney filed a suggestion of removal which was granted, and the accused sought immediate appellate review. This Court affirmed after specifically addressing appealability by saying:

> An order removing or refusing to remove a cause, civil or criminal, to another court for trial, finally adjudicates a constitutional right of the party affected by the order. And it is regarded as a judgment from which, according to the nature of the case, an appeal or writ of error may be immediately prosecuted. *Wright v. Hamner*, 5 Md.,

375; ... *Griffin v. Leslie,* 20 Md., 15. [*Id.* at 308, 12 A. at 8.]

The fact that, after 1875, removal in noncapital criminal cases rested in the discretion of the trial court and was no longer an absolute right was relied upon for the holding in *Tidewater Portland Cement Co. v. State,* 122 Md. 96, 98–99, 89 A. 327, 328 (1913) that a denial of removal in a misdemeanor prosecution was not immediately appealable. Similarly, we have held that an interlocutory appeal does not lie from that portion of a removal order selecting the court to which a capital case is transferred pursuant to art. IV, § 8, because the removing court exercises discretion in that selection. *See Lee v. State,* 161 Md. 430, 433–34, 157 A. 723, 724 (1931).

The 1875 amendment had not affected the right of each side in a civil case to obtain one removal simply by filing a suggestion of prejudice. Removal was not extinguished as an absolute right in civil cases until that aspect of removal had been held in *Davidson v. Miller,* 276 Md. 54, 82, 344 A.2d 422, 439 (1975) to violate federal equal protection and until *Perkins v. Eskridge,* 278 Md. 619, 653, 366 A.2d 21, 41 (1976) in turn invalidated legislation designed to cure the unconstitutional disparity. A 1980 amendment deleted from art. IV, § 8 the language on which the absolute right of removal in civil cases, as earlier recognized, had been based.

*Perkins, supra,* came to this Court in 1976 as an immediate appeal from the denial of a motion by plaintiffs in a civil case to rescind an order which had granted the defendant's request for removal. The defendant sought dismissal for lack of an appealable order. We rejected that contention saying "that this case falls within our tenet that the alleged denial of a party's constitutional right of removal may be appealed immediately." 278 Md. at 623 n. 4, 366 A.2d at 25 n. 4. In support of that proposition we cited *Smith v. Fredericktown Bank,* 258 Md. 141, 142, 265 A.2d 236, 237 (1970) (immediate appeal from denial of removal allowed to party seeking removal because the appeal "involves the

alleged denial of an absolute constitutional right"); *Green-berg v. Dunn,* 245 Md. 651, 653, 227 A.2d 242, 243 (1967) (immediate appeal allowed to party opposing removal which trial court had granted in nonjury civil case); *State ex rel. Dunnigan v. Cobourn,* 169 Md. 110, 113, 179 A. 512, 513 (1935) (direct appeal lies from an order remanding removed civil case to the removing court); *McMillan v. State, supra;* and *Griffin v. Leslie, supra.* In addition to the holdings cited in *Perkins, supra,* dictum to the same effect appears in *Elliott v. Larrimore,* 203 Md. 526, 528, 101 A.2d 817, 818–19 (1954) and in *Heslop v. State,* 202 Md. 123, 126, 95 A.2d 880, 881 (1953).

Immediate appealability on a constitutional rights analysis has not been limited to interlocutory orders involving removal on a suggestion of prejudice. This Court has articulated the rule more broadly and has said "that an appeal lies from any order which settles a constitutional right." *Condon v. Gore,* 89 Md. 230, 234, 42 A. 900, 902 (1899). An amendment to former § 39 of art. IV, Md. Const., had provided for the waiver of a jury trial in civil cases in Baltimore City if the jury mode of trial was not affirmatively elected within time limits to be fixed by rules adopted by the then Supreme Bench of Baltimore City. A defendant unsuccessfully sought to have a civil case transferred to the nonjury docket because of the plaintiff's claimed failure to comply with the Supreme Bench rule. On an immediate appeal this Court addressed the merits "because under the Constitution as now amended the right of the appellant to try his case in Baltimore City before the Court, unless a jury trial has been prayed in conformity to the Rule ..., is a constitutional right" and the order appealed from had "settle[d]" that constitutional right. *Id.* Two removal cases, *Griffin v. Leslie* and *Wright v. Hamner,* both *supra,* were cited in support.

It is immediately apparent that the broad statement of a rule for determining appealability of interlocutory orders which is found in *Condon v. Gore, supra,* cannot and has not been literally honored. To treat every judicial ruling

which is made before the entry of final judgment and which determines a claimed constitutional right as an appealable order would create piecemeal appeals in unmanageable numbers. *Condon* was decided before the advent of the exclusionary rule, and to follow its test for appealability would mean that most pretrial rulings in criminal cases would be immediately reviewable as of right. This is not the law. *See DiBella v. United States*, 369 U.S. 121, 131–32, 82 S.Ct. 654, 660–61, 7 L.Ed.2d 614, 621–22 (1962); *Cook v. State*, 281 Md. 665, 670, 381 A.2d 671, 674 (1978). Further, using adjudication of a claimed constitutional right to determine immediate appealability of interlocutory orders not only involves the usual line drawing in classifying the rulings and rights which are or are not within such an exception to the final judgment rule, but that use has also led to seemingly inconsistent applications within the same constitutional right. Cases involving the right to a jury trial are illustrative.

Based upon *Condon's* holding that the right to a nonjury trial under former art. IV, § 39 gave rise to an immediate appeal at the instance of the party opposing a jury trial, one could well expect that a party complaining of a refusal to allow a requested jury trial would be heard on the merits of an interlocutory appeal. But in *Ex parte Johnson*, 215 Md. 391, 138 A.2d 347 (1958) this Court dismissed the appeal from an order refusing appellant's request for a jury trial on the issue of his competency in an equity proceeding for the appointment of a committee for his person and property. *Condon* was not cited. The apparent conflict between these two opinions was noted in *Kawamura v. State*, 299 Md. 276, 282 n. 5, 473 A.2d 438, 442 n. 5 (1984). In that footnote we also commented as follows:

> Subsequent to those cases, this Court adopted the so-called "collateral order doctrine," permitting appeals from certain interlocutory decisions which conclusively determine an important question, are separate from the merits of the case, and are effectively unreviewable on appeal from a final judgment. *See Mann v. State's Atty.*

*for Montgomery County,* 298 Md. 160, 164–165, 468 A.2d 124 (1983); *Sigma Reproductive Health Center v. State,* 297 Md. 660, 666–671, 467 A.2d 483 (1983); *Clark v. Elza,* 286 Md. 208, 212–213, 406 A.2d 922 (1979); *Peat & Co. v. Los Angeles Rams,* 284 Md. 86, 91–97, 394 A.2d 801, 5 A.L.R.4th 1238 (1978); *Stewart v. State,* 282 Md. 557, 571, 386 A.2d 1206 (1978); *Jolley v. State,* 282 Md. 353, 357, 384 A.2d 91 (1978). The District Court [of Maryland] rulings in this case might well have been appealable under the collateral order doctrine. [*Id.* at 282 n. 5, 473 A.2d at 442 n. 5.]

The other line of cases deals with the collateral order doctrine. It had its origin in *Cohen v. Beneficial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), holding that a trial court's ruling on the defendant's entitlement to security for court costs in a stockholder's derivative suit was immediately appealable. The requirements for applying the collateral order doctrine are sometimes expressed as involving three factors, as we did in *Kawamura, supra.* At other times the requirements are grouped around four loose headings, as in the discussion of *Cohen* found in 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure: Jurisdiction* § 3911, at 470–71 (1976 & Supp.1983). Those authors state:

First, the matter to be reviewed must have been finally disposed of by the [trial] court, so that its decision is not "tentative, informal or incomplete." ...

Second, the matter to be reviewed must be "separable from, and collateral to, rights asserted in the action." ...

Third, there must be a risk of important loss if present review is not available....

Finally, the [*Cohen* ] Court stated that not every question affecting security would be appealable, and noted that the present case involved "a serious and unsettled question." It clearly distinguished cases involving an exercise of discretion in fixing the amount of security on the basis of an "admitted or clear" right to security in some amount.

Six months after *Cohen* was decided this Court handed down *Harris v. State,* 194 Md. 288, 71 A.2d 36 (1950), in which an accused appealed from the denial of his motion to dismiss the indictment for alleged failure to accord him a speedy trial. We overruled the State's motion to dismiss because "when a prisoner claims that he has been denied a speedy trial and has thereby become entitled to be freed of further proceedings in a case, ... [the denial] is a final ruling ..., from which an appeal will lie." *Id.* at 294, 71 A.2d at 39. *Harris* did not mention *Cohen. Jones v. State,* 241 Md. 599, 217 A.2d 367 (1966) held identically to *Harris,* on the authority of *Harris.*

The first decision in this Court to cite *Cohen* was *Pearlman v. State,* 226 Md. 67, 172 A.2d 395 (1961) which involved an aspect of the equal protection right enjoyed by destitute persons convicted of a crime to obtain as adequate an appellate review as those who have money to buy transcripts and employ lawyers. *See Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956) and *Eskridge v. Washington Prison Bd.,* 357 U.S. 214, 78 S.Ct. 1061, 2 L.Ed.2d 1269 (1958). In *Pearlman* multiple defendants jointly moved for a new trial, a motion for which court rules required the movants to furnish a trial transcript. All movants asked that the motion be argued both by counsel and on a transcript furnished at state expense. Although the trial court found at least one defendant to be indigent, it found other defendants to be financially able. It rejected the request on the legal ground that, where the motion for new trial was filed jointly, one codefendant's ability to pay precluded any state payment. On immediate appeal this Court held that it had jurisdiction. Citing *Condon v. Gore, supra,* the removal cases, and the speedy trial case of *Harris v. State, supra,* this Court concluded that the trial judge had denied the defendants "a clear constitutional right." 226 Md. at 73, 172 A.2d at 398. After observing that an immediate appeal would avoid circuity of action, *Pearlman* pointed out that *Roberts v. United States District Court,* 339 U.S. 844, 70 S.Ct. 954, 94 L.Ed. 1326 (1950)

had held immediately appealable under federal final judgment requirements the denial of a motion to proceed in *forma pauperis* with an injunction case. *Pearlman* gave a "[s]ee also" citation to *Cohen*. *Cohen* was the only decision on which the Supreme Court had relied in *Roberts* for the appealability of the denial of Roberts' motion to proceed *in forma pauperis*.

In the federal system 28 U.S.C. § 1291 (1982) grants appellate jurisdiction to the United States Courts of Appeal from "final decisions" in both criminal and civil cases. The United States Supreme Court extended the *Cohen* rule into the criminal arena in *Stack v. Boyle*, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 1 (1951) by holding to be immediately appealable the rejection of a motion filed in a criminal case to reduce excessive bail. Subsequently, *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977) permitted an immediate appeal from the denial of a motion to dismiss an indictment which Abney claimed placed him in double jeopardy. The appeal satisfied *Cohen* standards because there had been a final rejection of the defense, the issue was collateral to and separable from the issue of guilt or innocence, and, most particularly, the double jeopardy clause "guarantee[s] against being twice put to *trial* for the same offense." *Id.* at 661, 97 S.Ct. at 2041, 52 L.Ed.2d at 661 (emphasis in original). Similarly, an immediate appeal lies from the denial of a motion to dismiss an indictment which is challenged as violative of the speech or debate clause because that constitutional guarantee "was designed to protect Congressmen 'not only from the consequences of litigation's results but also from the burden of defending themselves.'" *Helstoski v. Meanor*, 442 U.S. 500, 508, 99 S.Ct. 2445, 2449, 61 L.Ed.2d 30, 37 (1979).

On the other hand, the Supreme Court holds that the collateral order doctrine does not apply to an order denying dismissal on speedy trial grounds. *See United States v. MacDonald*, 435 U.S. 850, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978). Among other reasons the Court pointed out that, unlike the double jeopardy clause, "the Speedy Trial Clause

does not, either on its face or according to the decisions of this Court, encompass a 'right not to be tried' which must be upheld prior to trial if it is to be enjoyed at all." *Id.* at 861, 98 S.Ct. at 1553, 56 L.Ed.2d at 27. Likewise, the Court has said that the collateral order doctrine does not embrace an order declining to dismiss for prosecutorial vindictiveness primarily because freedom from prosecutorial vindictiveness "is simply not [a right] that must be upheld prior to trial if it is to be enjoyed at all." *United States v. Hollywood Motor Car Co.,* 458 U.S. 263, 270, 102 S.Ct. 3081, 3085, 73 L.Ed.2d 754, 760 (1982) (footnote omitted).

Before *Abney, supra,* applied the collateral order doctrine to permit an immediate appeal under 28 U.S.C. § 1291 on double jeopardy grounds, this Court had decided *Neal v. State,* 272 Md. 323, 322 A.2d 887 (1974). In *Neal* the accused sought immediate review of the refusal to dismiss charges for a claimed violation of the prohibition against double jeopardy. *Neal* cited *Jones, Pearlman, Harris,* and *Lee,* all *supra,* for the proposition that an appeal lies from a seemingly interlocutory order "which denies an absolute constitutional right ...." 272 Md. at 325, 322 A.2d at 888. Inasmuch as the "defense of double jeopardy is a liminal constitutional issue," the decision of which does not involve exercising discretion, we permitted the appeal. 272 Md. at 326, 322 A.2d at 889. The result *Neal* reached by way of the absolute constitutional right analysis is the same as *Abney* reached by applying the collateral order doctrine.

*Jolley v. State,* 282 Md. 353, 384 A.2d 91 (1978) was an immediate appeal by the accused from an order finding that he was incompetent to stand trial. We used both the constitutional right and the collateral order approaches in concluding there was appellate jurisdiction. Denial of a nondiscretionary constitutional right was involved because the incompetency finding denied Jolley even the opportunity to assert deprivation of a speedy trial right. For that reason it was unnecessary in *Jolley* to reconsider whether an immediate appeal would lie from rejecting a motion

seeking dismissal for want of a speedy trial. Additionally, *Jolley* supported appellate jurisdiction on the ground that

[a] decision that an accused is incompetent to stand trial appears to fall in that small class which finally determines claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated. *See Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221 [93 L.Ed. 1528] (1949). Like the order in *Cohen*, the order here is a final disposition of a claimed right which is not an ingredient of the cause of action and does not require consideration with it; it does not make any step toward final disposition of the merits of the case and will not be merged in final judgment. What the Court said in *Cohen* is applicable here: "When that time comes, it will be too late effectively to review the present order, and the rights conferred by the [constitutions] ... will have been lost, probably irreparably. We conclude that the matters embraced in the decision appealed from are not of such an interlocutory nature as to affect, or to be affected by, decision of the merits of this case." *Id.* at 546 [69 S.Ct. at 1225]. We hold that the challenged order is appealable. [282 Md. at 357, 384 A.2d at 94 (footnotes omitted).]

Appealability of a pretrial refusal to dismiss charges attacked on speedy trial grounds was again before this Court in *Stewart v. State*, 282 Md. 557, 386 A.2d 1206 (1978), despite the recognition of immediate appealability in *Jones v. State*, 241 Md. 599, 217 A.2d 367, and *Harris v. State*, 194 Md. 288, 71 A.2d 36, both *supra*. Three weeks after the Supreme Court opinion in *MacDonald* held pretrial speedy trial rulings unappealable as collateral orders, this Court decided *Stewart*. We reviewed how the Supreme Court in appeals in criminal cases had not departed from the final judgment requirement except in reliance on the collateral order doctrine. We saw no substantive difference between the Maryland and federal statutes granting appel-

late jurisdiction from final judgments. We pointed out that *Jolley* had recognized and applied the collateral order exception. We then said (282 Md. at 571–72, 386 A.2d at 1213–14):

> In light of all of this, we think that the reasons and rationale of *MacDonald*, leading to the conclusion that a defendant in a federal criminal prosecution may not, before trial, appeal a federal district court's order denying his motion to dismiss an indictment because of an alleged violation of his Sixth Amendment right to a speedy trial, apply equally to lead to the conclusion that a defendant in a criminal proceeding by the State of Maryland may not, before trial, appeal a circuit court's order denying his motion to dismiss because of an alleged violation of either his Sixth Amendment or Art. 21 right to a speedy trial. Our holding in *Harris*, and followed in *Jones*, was reached by applying the corollary to the finality of judgment rule, namely that the order denying the motion to dismiss on speedy trial grounds, although apparently interlocutory, was final because it denied an absolute constitutional right. We are now persuaded otherwise by *MacDonald*. We now believe, for the reasons set out in *MacDonald*, that a pretrial order of a circuit court denying a defendant's motion to dismiss on speedy trial grounds, unlike a pretrial order denying a motion to dismiss on double jeopardy grounds, is interlocutory and does not fall within the corollary to the general rule that only final judgments are appealable. We expressly overrule *Harris* and our decisions it spawned. We hold that the order denying the motion to dismiss was not a final order and was not subject to an appeal before trial. It follows, therefore, that the appeal to the Court of Special Appeals, which is before us upon our grant of a writ of certiorari, was not allowed by law, and we dismiss it. Maryland Rule 835 a 1.

The principal factor of collateral order analysis responsible for the different results in *Abney* and *MacDonald* lies in the requirement that there be a serious risk of irrepara-

ble loss of the claimed right if appellate review is deferred until after final judgment. Implicit in the prohibition against double jeopardy is a right to be free from the ordeal of the second trial itself. That aspect of the right can never be restored by reversing a conviction after the second trial on the grounds that the second trial violated double jeopardy principles. On the other hand the right to a speedy trial can be vindicated by reversal after conviction. Neither the speedy trial clause of the Sixth Amendment nor the speedy trial clause found in art. XXI of the Maryland Declaration of Rights suggests "that a defendant enjoys a 'right not to be tried' which must be safeguarded by interlocutory appellate review." *United States v. MacDonald, supra,* 435 U.S. at 860 n. 7, 98 S.Ct. at 1552 n. 7, 56 L.Ed.2d at 27 n. 7. There the Court explained how

> [a]dmittedly, there is value—to all but the most unusual litigant—in triumphing before trial, rather than after it, regardless of the substance of the winning claim. But this truism is not to be confused with the quite distinct proposition that certain claims (because of the substance of the rights entailed, rather than the advantage to a litigant in winning his claim sooner) should be resolved before trial. Double jeopardy claims are paradigmatic. [*Id.*]

And *see United States v. Hollywood Motor Car Co., supra,* 458 U.S. at 270, 102 S.Ct. at 3085, 73 L.Ed.2d at 760.

▬ Under a collateral order analysis, the grant or denial of an art. IV removal is not within that narrow class of cases excepted from the final judgment requirement. Fundamentally, Parrott's point that his prosecution should not have been removed from Prince George's County (or, if removed, should have been sent to a county of like demographics) will not be lost if there is a final judgment against Parrott and the point is made on appeal from that judgment. If the State should not have been permitted to remove Parrott's prosecution from Prince George's County, and absent any intervening factors which would waive or cure the error, Parrott would be entitled to have the convic-

tion vacated and a new trial ordered. The burden of a second trial, per se, is not the kind of burden which satisfies the collateral order rule. Any right which Parrott asserts in opposition to the State's suggestion of removal necessarily deals with the place of trial. But Parrott asserts no right which could prevent the trial itself.

Thus, the appealability issue in the instant matter is like that which we faced in *Stewart*. There we applied the collateral order doctrine and overruled contrary earlier holdings of this Court which looked to the absolute constitutional right mode of analysis. *Stewart* necessarily stands for the proposition that the collateral order doctrine controls and that whether an interlocutory appeal lies is not determined by whether a claimed constitutional right has been denied or settled. Because the order of removal appealed from in this case is not a final judgment and does not fall within the collateral order doctrine exception, we dismissed Parrott's appeal. So much of *McMillan v. State, supra,* 68 Md. 307, 12 A. 8, and of *Perkins v. Eskridge, supra,* 278 Md. 619, 366 A.2d 21, as is contrary to the holding in the instant matter is overruled.