579 A.2d 275

**OLD CEDAR DEVELOPMENT CORPORATION**

v.

**JACK PARKER CONSTRUCTION CORPORATION, et al.**

No. 109, Sept. Term, 1989.

Court of Appeals of Maryland.

Sept. 20, 1990.

Glenn E. Bushel (Brocato, Price & Bushel, P.A., both on brief), Baltimore, for petitioner.

Kurt J. Fischer (George A. Nilson, Robert J. Mathias, Audrey J.S. Carrion, Piper & Marbury, all on brief), Baltimore, for respondents.

Argued before ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS * and CHASANOW, JJ., and CHARLES E. ORTH, Jr., Judge of the Court of Appeals of Maryland (Retired, Specially Assigned).

ELDRIDGE, Judge.

The dispositive issue before us is whether a circuit court's order denying a jury trial, in a case instituted in and still pending in the circuit court, is immediately appealable.

The facts relevant to this issue can be briefly stated. The present circuit court proceedings began when the Maryland Deposit Insurance Fund Corporation (MDIF) filed in the Circuit Court for Baltimore City a "Complaint for Interpleader" naming as defendants the appellant Old Cedar Development Corporation and the appellee Jack Parker Construction Corporation. MDIF deposited $750,000.00 into the registry of the court. Subsequently, the appellee Parman Corporation intervened. In addition, Old Cedar Development Corporation, in its answer, included a demand for a jury trial.

Thereafter, cross-motions for summary judgment were filed, and the circuit court granted the appellees' motions. Old Cedar appealed to the Court of Special Appeals, and the Court of Special Appeals, in an unreported opinion, reversed the grant of summary judgment and remanded the case for a trial.

Following the remand, Jack Parker and Parman filed a motion to strike Old Cedar's demand for a jury trial. The circuit court, by an order filed on April 17, 1989, granted

---

* Adkins, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Art. IV, § 3A, he also participated in the decision and the adoption of the opinion.

the motion. Old Cedar then took an appeal to the Court of Special Appeals from the order striking the jury trial demand.

The Court of Special Appeals, on May 24, 1989, entered an order staying all circuit court proceedings in this case, including the trial, "until such time as the appeal ... is finally resolved by this Court and/or the Court of Appeals...." Shortly thereafter, the Court of Special Appeals denied a motion by Jack Parker and Parman to dismiss the appeal.

■ Prior to oral argument in the Court of Special Appeals, Jack Parker and Parman filed in this Court a petition for a writ of certiorari, raising the question of whether the circuit court's order striking the jury trial demand was immediately appealable. The petitioners also presented questions of whether Old Cedar was entitled to a jury trial and, if it were so entitled, whether it had waived its right to a jury trial. We granted the petition and shall dismiss the appeal on the ground that the order striking the jury trial demand was not immediately appealable. Consequently, we shall not reach the issues concerning Old Cedar's asserted entitlement to and/or waiver of a jury trial.

As we have so often pointed out, under Maryland Code (1974, 1989 Repl.Vol.), §§ 12–301 and 12–303 of the Courts and Judicial Proceedings Article, appeals may be taken only from final judgments (§ 12–301) and from a few interlocutory orders listed in § 12–303. The order striking the jury trial demand was clearly not an appealable interlocutory order under § 12–303, and Old Cedar does not contend otherwise. Instead, Old Cedar argues that the April 17, 1989, order should be treated as a final judgment within the meaning of § 12–301.

"Ordinarily a judgment is final, for purposes of an appeal under § 12–301, 'only if it terminates the action in [the trial] court.'" *County Comm'rs v. Schrodel*, 320 Md. 202, 209, 577 A.2d 39, 43 (1990), quoting *Bunting v. State*, 312 Md. 472, 476, 540 A.2d 805, 806 (1988). The circuit court's order

denying Old Cedar a jury trial was not final under this principle because the order did not terminate the action in the circuit court.

In recent years we have adopted the "collateral order doctrine" which "treats as final and appealable a limited class of orders which do not terminate the litigation in the trial court." *Public Service Comm'n v. Patuxent Valley,* 300 Md. 200, 206, 477 A.2d 759, 762 (1984). *See, e.g., County Comm'rs v. Schrodel, supra,* 320 Md. at 209, 577 A.2d at 43; *Mandel v. O'Hara,* 320 Md. 103, 134, 576 A.2d 766, 781 (1990); *State v. Jett,* 316 Md. 248, 251, 558 A.2d 385 (1989); *Bunting v. State, supra,* 312 Md. at 476–477, 540 A.2d at 806, and cases there cited. The collateral order doctrine was initially formulated by the Supreme Court of the United States in *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 545–547, 69 S.Ct. 1221, 1225–1226, 93 L.Ed. 1528 (1949). Applying the principles set forth in the *Cohen* case, we have generally held that an order is appealable as a "final judgment" under the collateral order doctrine only if it meets the following four requirements:

> " '[T]he order must [ (1) ] conclusively determine the disputed question, [ (2) ] resolve an important issue [,(3) be] completely separate from the merits of the action, and [ (4) ] be effectively unreviewable on appeal from a final judgment.' "

*Peat & Co. v. Los Angeles Rams,* 284 Md. 86, 92, 394 A.2d 801, 804 (1978), quoting *Cooper & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978). *See Cohen v. Beneficial Industrial Loan Corp., supra,* 337 U.S. at 545–547, 69 S.Ct. at 1225–1226.

At an earlier period in history, this Court had held that an order is appealable as a final judgment, even though it does not terminate the proceedings in the trial court, if the order

> "does finally settle a constitutional right of the party, the exercise of which, when demanded, is essential to the impartial administration of justice and should not be withheld or postponed."

*Griffin v. Leslie,* 20 Md. 15, 19 (1863). In *Condon v. Gore,* 89 Md. 230, 234, 42 A. 900, 902 (1899), this Court had held that an order overruling a motion to place the case upon the non-jury docket was immediately appealable because "an appeal lies from any order which settles a constitutional right." The Court in *Condon* took the position that an interlocutory order granting or denying a jury trial was immediately appealable because it settled the constitutional right to a jury trial. For a detailed discussion of the principle set forth in the *Leslie* and *Condon* cases, and the other cases applying that principle, *see* Judge Rodowsky's opinion for the Court in *Parrott v. State,* 301 Md. 411, 483 A.2d 68 (1984).

Turning to the present case, Old Cedar does not argue that the order striking its demand for a jury trial is appealable under the collateral order doctrine. Instead, it insists that the principle set forth in *Griffin v. Leslie, supra,* and *Condon v. Gore, supra,* remains viable, that any interlocutory order resolving a claimed constitutional right is immediately appealable, that the order in this case settled Old Cedar's claimed constitutional right to a jury trial, and that, therefore, the circuit court's order of April 17, 1989, was appealable.

Old Cedar's argument overlooks the subsequent history of the principle that an appeal can be taken from any interlocutory order settling a constitutional right. As discussed in *Parrott v. State, supra,* 301 Md. at 417–418, 483 A.2d at 71–72, the principle was eroded by several cases and was, in effect, ultimately overruled.

Thus, in *Ex Parte Johnson,* 215 Md. 391, 394–395, 138 A.2d 347 (1958), this Court, relying on numerous cases from other jurisdictions, held that an order denying a jury trial was not immediately appealable. The Court in *Johnson* pointed out that the denial of the jury trial could be raised and decided on an appeal from a final judgment terminating the case. The *Johnson* case, while not discussing *Condon v. Gore, supra,* sub silentio overruled *Condon v. Gore. See*

*Kawamura v. State,* 299 Md. 276, 282 n. 5, 473 A.2d 438, 442 n. 5 (1984).

In *Harris v. State,* 194 Md. 288, 294, 71 A.2d 36 (1950), this Court had held that, where a motion to dismiss an indictment was based on an alleged denial of the constitutional right to a speedy trial, an order denying the motion was immediately appealable as "a final ruling denying [a] claimed [constitutional] right." *Accord, Jones v. State,* 241 Md. 599, 217 A.2d 367 (1966). In *Stewart v. State,* 282 Md. 557, 567–572, 386 A.2d 1206 (1978), however, we expressly overruled *Harris* and *Jones.* We held in *Stewart* that an order denying a motion to dismiss on speedy trial grounds, even though it resolved a claimed constitutional right, was not immediately appealable because it failed to meet the requirements of the collateral order doctrine. Implicit in the *Stewart* decision was an abandonment of the notion that an interlocutory order settling a claimed constitutional right is immediately appealable as a final judgment. The *Stewart* opinion indicates that an interlocutory order is appealable as a final judgment only if it meets the requirements of the collateral order doctrine.

What was implicit in *Stewart v. State, supra,* became explicit in *Parrott v. State, supra.* Several earlier Maryland cases had held that an interlocutory order, deciding a motion or suggestion for removal as of right under Article IV, § 8, of the Maryland Constitution, was immediately appealable as an order settling a claimed constitutional right. *See, e.g., Perkins v. Eskridge,* 278 Md. 619, 623 n. 4, 366 A.2d 21, 25 n. 4 (1976); *Smith v. Fredericktown Bank,* 258 Md. 141, 142, 265 A.2d 236, 237 (1970); *Greenberg v. Dunn,* 245 Md. 651, 653, 227 A.2d 242, 243 (1967); *McMillan v. State,* 68 Md. 307, 308, 12 A. 8 (1888); *Griffin v. Leslie, supra; Wright v. Hamner,* 5 Md. 370 (1854). The *Parrott* case overruled these decisions, holding that the "order is not appealable prior to final judgment because it is not within the collateral order doctrine." *Parrott v. State, supra,* 301 Md. at 413, 483 A.2d at 69. After reviewing the many Maryland cases concerning interlocutory orders set-

tling constitutional rights and concerning the collateral order doctrine, including the *Stewart* case, Judge Rodowsky for the Court summarized the holding in *Parrott*, 301 Md. at 426, 483 A.2d at 75:

> "Thus, the appealability issue in the instant matter is like that which we faced in *Stewart*. There we applied the collateral order doctrine and overruled contrary earlier holdings of this Court which looked to the absolute constitutional right mode of analysis. *Stewart* necessarily stands for the proposition that the collateral order doctrine controls and that whether an interlocutory appeal lies is not determined by whether a claimed constitutional right has been denied or settled. Because the order of removal appealed from in this case is not a final judgment and does not fall within the collateral order doctrine exception, we [dismiss] Parrott's appeal."

*See Carroll v. Housing Opportunities Comm'n*, 306 Md. 515, 520, 510 A.2d 540 (1986) (an order which "denies a party's demand for a jury trial [in a case] where the same court will hear the initial trial on the merits without a jury ... could be appealed before a decision on the merits only if it satisfied the collateral order doctrine. *Parrott v. State* ...").

■ Consequently, an interlocutory order is not appealable as a final judgment under § 12–301 of the Courts and Judicial Proceedings Article on the ground that it settles a claimed constitutional right. Such an order, both in civil and criminal cases, is immediately appealable under § 12–301 only if it falls within the collateral order doctrine.

As apparently conceded by Old Cedar, the order striking the jury trial demand in the case at bar does not meet the requirements of the collateral order doctrine. It is not "effectively unreviewable on appeal from a final judgment." *County Comm'rs v. Schrodel, supra*, 320 Md. at 211, 577

A.2d at 44, and cases there cited.[1] Such an interlocutory order denying or granting a jury trial has consistently been viewed as effectively reviewable on an appeal from a final judgment terminating the case; therefore, it is not immediately appealable. *See, e.g., City of Morgantown v. Royal Ins. Co.*, 337 U.S. 254, 69 S.Ct. 1067, 93 L.Ed. 1347 (1949); *Cochran v. Brikel*, 651 F.2d 1219, 1221 (6th Cir.1981), *cert. denied*, 454 U.S. 1152, 102 S.Ct. 1020, 71 L.Ed.2d 307 (1982); *USM Corp. v. GKN Fasteners, Ltd.*, 574 F.2d 17, 19–20 (5th Cir.1978); *Zalzneck v. Sias*, 248 F.2d 952, 953 (6th Cir.1957); *Corrado v. City of Providence*, 114 R.I. 691, 337 A.2d 811, *appeal dismissed*, 423 U.S. 887, 96 S.Ct. 182, 46 L.Ed.2d 119 (1975).[2]

APPEAL DISMISSED. APPELLANT TO PAY COSTS.

---

**1.** Under entirely different circumstances from those present in this case, however, an order denying a jury trial might well satisfy the requirements of the collateral order doctrine. *See Kawamura v. State*, 299 Md. 276, 282 n. 5, 473 A.2d 438, 442 n. 5 (1984). Moreover, in a totally different context, an order denying a jury trial may have the effect of terminating the case in the particular court and thus would be appealable as a final judgment. *See Carroll v. Housing Opportunities Comm'n*, 306 Md. 515, 520, 510 A.2d 540 (1986).

**2.** With regard to the availability of mandamus relief in extraordinary circumstances when a jury trial is denied, *see, e.g., Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 108 S.Ct. 1133, 1143 n. 13, 99 L.Ed.2d 296 (1988); *First Nat. Bank of Waukesha v. Warren*, 796 F.2d 999 (7th Cir.1986).