555 A.2d 1074

**DORCHESTER GENERAL HOSPITAL, et al**

**v.**

**Dennis SOBER, et al.**

**No. 1026, Sept. Term, 1988.**

Court of Special Appeals of Maryland.

April 3, 1989.

S. Allan Adelman (Brett Weiss on the brief), Rockville, for appellants.

Jack Schwartz, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, on the brief for appellees, Sober and Tabler).

Kenneth W. Strong (Randolph C. Baker and Lentz, Hooper, Jacobs & Blevins, P.A., Baltimore, on the brief for appellee, Janice Wright).

Argued before MOYLAN, BISHOP and ROSALYN B. BELL, JJ.

BISHOP, Judge.

Dorchester General Hospital, Inc. and Geraldine Hughes appeal from an order of the Circuit Court for Dorchester County (Donald F. Johnson, J.) which denied their petition for writ of mandamus or writ of certiorari seeking to transfer venue in a Health Claims Arbitration proceeding brought pursuant to Courts and Judicial Proceedings § 3–2A–04.

## FACTS

In September of 1985, appellee Janice Wright of Cambridge, Maryland filed a claim with the Health Claims Arbitration Office against the University of Maryland System Corporation and eleven physicians affiliated with its Shock Trauma Unit, and against Dr. Michael Fadden, affiliated with Dorchester General Hospital located in Cambridge, Maryland. Wright amended her complaint on May 1, 1987 to include as defendants, Dorchester General Hospital, and two licensed practical nurses affiliated with the hospital, Geraldine Hughes and Paula Hochheimer.

Wright alleged that she was admitted to Dorchester General and diagnosed as having pyelonephritis, a kidney disorder and suffering from shock. She alleged that negligent monitoring and treatment of her condition by Dr. Fadden and nurses Hughes and Hochheimer caused her to suffer spinal hemorrhaging, necessitating her transfer to the Shock Trauma unit in Baltimore City, and ultimately paralyzing her permanently from her mid-chest down. Wright also alleged negligent treatment by Shock Trauma and the eleven physicians.

Appellee Dennis Sober, Chairman of the Health Claims Arbitration Panel determined that Baltimore City was the proper venue for Wright's hearing, since various defendants were affiliated with Shock Trauma. On April 26, 1988, Sober granted motions for summary judgment in favor of defendants, Shock Trauma and its associated physicians. The only defendants left in the action were those located in Cambridge, Maryland. Appellants moved for a change of venue from Baltimore City to Dorchester County. Sober denied the motion on the ground that the parties were on the verge of a hearing[1] and appellants would suffer no greater inconvenience than the defendants dismissed from the case would have suffered had their motions for summary judgment been denied. He explained:

It is a difficult issue. There are compelling equities and issues on each side to leave it in Baltimore City and also to transfer it. Clearly when the case was initially filed the claimant has a right to shop venue. That is within the rules and permitted. As everyone said, there was never any intention here to put a medical practitioner in the case solely for that purpose.

It is a situation where this case has come a long way and we are on the verge of starting the hearing on it. If we were not quite so close, if we were in a situation where there was more time and the case had not aged to where it has aged, I would think that I do have the discretion to grant that motion, and would do so; but under the circumstances as they are now, with the case on the verge of the hearing beginning with no greater inconvenience now to the Eastern Shore doctors than there would have been had I denied the motions as to the Western Shore doctors, and under the circumstances that we have had this time blocked out and this available and calendars have been cleared and experts lined up, a panel available, I think it is appropriate that since there are no

---

1. The hearing, which was scheduled for May 2, 1988, was postponed on April 28, 1988, two days after Sober's decision because the panel had been selected improperly.

controlling cases on the issue, that an interpretation could be made in either direction, that I have the authority and I should transfer it, and that issue has never been decided, but under the facts in this case, I believe the claimant is entitled to have the trial in Baltimore City and I will deny the transfer.

Wright subsequently dismissed her claim against Hochheimer and settled her claim against Dr. Fadden.

On May 15, 1988, appellants filed a Complaint for Writ of Mandamus or Writ of Certiorari in the Circuit Court for Dorchester County requesting the court to order a change of venue for the arbitration hearing to Dorchester County. At a hearing on the complaint, Judge Johnson denied the requested relief, explaining:

THE COURT: [W]hatever happens before the Board, Dorchester General and the other defendants do have a right to appellate review. As you know, they can reject the claim and they can request a jury trial, or a jury trial will be granted them, if they do request it in the circuit court.

However, that would not appear to provide an appropriate remedy to a situation of this nature. Once the hearing is held by the arbitration panel whatever expense or inconvenience that's been caused as a result of the refusal to remove will not be remedied.

On the other hand, it's my understanding that there is no case law which states that an interlocutory order of this nature is appealable.

And it appears to me that in fact interlocutory orders of this nature are not immediately appealable. And two of the reasons that I believe that is true is to alleviate unnecessary judicial interruption and piecemeal appeals.

However, even if they are appealable, that is interlocutory orders under the circumstances of this case, I do not find such a clear abuse of discretion [as] would justify the granting of the complaint, and am, therefore, going to deny the complaint for writ of mandamus or writ for cer[ ]tiorari.

## ISSUE

In disposing of this case, we will address the following issue [2]: Whether an order denying a motion for change in venue in a medical malpractice arbitration proceeding is immediately reviewable in circuit court through an action for writ of mandamus or certiorari.

## EXTRAORDINARY WRITS

Appellants cite authority for the proposition that extraordinary writs such as writs of mandamus or certiorari are authorized under Maryland Rules BE40 and K41 are appropriate in cases where a party has no other procedure for obtaining review, or to correct arbitrary, capricious, unreasonable or illegal actions taken by an inferior tribunal such as an administrative agency. *See In re Petition for Writ of Prohibition,* 312 Md. 280, 306, 539 A.2d 664 (1988). While acknowledging these principles, we distinguish between the two writs.

Mandamus is generally used to compel an inferior tribunal, a public official or an administrative agency to perform a function, or some particular duty which in its nature is imperative and to the performance of which duty by the public official, the party applying for the writ has a clear legal right. *Criminal Injuries Compensation Board v. Gould,* 273 Md. 486, 514, 331 A.2d 55 (1975). Nevertheless, the Court of Appeals has even upheld its use where public officials are alleged to have abused discretionary powers reposed in them. *See State Department of Health v. Walker,* 238 Md. 512, 523, 209 A.2d 555 (1965).

In contrast, the object of the writ of certiorari is not to authorize the court to decide the case on its merits, but merely to determine whether the inferior tribunal has pro-

---

**2.** Because of our disposition here, we do not formally address the other issue raised by appellants which is: Is the proper venue for a Health Claims Arbitration hearing the county where all parties live or work at the time of the hearing?

ceeded in a summary manner and in a course contrary to the law or in excess of its jurisdiction.

Appellants argue that notwithstanding the statutory provisions for judicial review of health claims awards under Cts. & Jud. Proc. § 3–2A–06 [3] (1984 Repl.Vol.) a denial of a motion to change venue cannot be adequately addressed through § 3–2A–06 and cannot be appealed because it is interlocutory. Although we agree that an order denying a motion to change venue is interlocutory and therefore not appealable, we do not agree that it could not be addressed under § 3–2A–06.

In *Parrott v. State,* 301 Md. 411, 483 A.2d 68 (1984), the Court of Appeals held that an order of removal under Md. Const. art. IV, § 8(b) was interlocutory and therefore not immediately appealable. The court examined a number of cases concerning the appealability of interlocutory orders. *Id.* at 414–25, 483 A.2d 68. Those cases permitting such appeals had done so either on the ground that a constitu-

---

**3.** The statute states in part:

(a) *Rejection of award.*—A party may reject an award for any reason. A notice of rejection must be filed with the Director and the arbitration panel and served on the other parties or their counsel within 30 days after the award is served upon the rejecting party, or, if a timely application for modification or correction has been filed within 10 days after a disposition of the application by the panel, whichever is greater.

(b) *Action to nullify award.*—(1) At or before the time specified in subsection (a) of this section for filing and serving a notice of rejection, the party rejecting the award shall file an action in court to nullify the award and shall file a copy of the action with the Director.

One of the conditions for vacating an award is set forth in Cts. & Jud.Proc. § 3–224(b)(4):

The arbitrators refused to postpone the hearing upon sufficient cause being shown for the postponement, refused to hear evidence material to the controversy, or otherwise so conducted the hearing, contrary to the provisions of § 3–213, as to prejudice substantially the rights of a party....

Appellees alleged that subsection (4) would have been an appropriate ground for appellants to request that the award be vacated had the agency rendered a final decision because of the language "or otherwise so conducted the hearing ... as to prejudice substantially the rights of a party."

tional right had been finally determined, or the requirements of the collateral order doctrine had been met, i.e., (1) the order finally disposed of a matter that was (2) separable from and collateral to rights asserted in the action, and (3) there was a risk of important loss if immediate review were unavailable.[4]  After reviewing these cases, the *Parrott* Court applied the collateral order doctrine and expressly rejected the constitutional rights test for determining the appealability of interlocutory orders. *Id.* at 425–26, 483 A.2d 68.

In reaching its conclusion in *Parrott,* the Court of Appeals specifically held that any right which the defendant was asserting in opposition to the order transferring his case to another circuit court necessarily dealt with the place of trial and thus did not involve the type of important loss required under the collateral order doctrine. *Id.* at 425, 483 A.2d 68.  The Court also noted that if the circuit court's decision to remove the case was in fact erroneous, the defendant would be entitled to have his conviction vacated and a new trial ordered. *Id.* at 425–26, 483 A.2d 68.

■  Similarly, the appellants' objections to venue in the case *sub judice* relate only to the place of trial, not to the merits of the case, and therefore the requisite showing of important loss under the collateral order[5] doctrine has not been met.  Therefore the panel chairman's order denying appellants motion to transfer venue was not immediately appealable.

■  We also find that aside from being unappealable, the chairman's order was not otherwise subject to immedi-

---

**4.**  This doctrine was established in *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 545–47, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949).

**5.**  Examples of losses which have been determined to meet the "important loss" standard for purposes of the collateral order doctrine can be found in: *Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1951) (denial of motion to dismiss indictment on double jeopardy grounds); *Jolley v. State,* 282 Md. 353, 384 A.2d 91 (1978) (order declaring defendant incompetent to stand trial).

ate review by a writ of mandamus or writ of certiorari. To allow such a use of these writs with respect to a matter within the panel chairman's discretion circumvents the rule prohibiting appeals from certain types of interlocutory orders, and as Judge Johnson noted would open the door to unnecessary judicial interruption. Further, had this case been exclusively in the circuit court and the venue issue governed solely by the Courts and Judicial Proceedings Article,[6] the appellants would not have been able to seek immediate review of an order denying a change of venue.

■ Finally, as the Court of Appeals stated in *Parrott*, the appellants do have a right to seek review of the venue decision upon final disposition of this case, pursuant to Md.Cts. & Jud.Proc.Code Ann. §§ 3–2A–06 and 3–224(b)(4).

APPEAL DISMISSED; COSTS TO BE PAID BY APPELLANTS.

---

**6.** Because this case involved a health claims arbitration claim, venue was to be determined by construing together Md.Cts. & Jud.Proc.Code Ann. §§ 3–2A–05, 3–212 to 3–217, 3–220 and 6–201(b) and COMAR 01.03.01.11 (1987). Although according to the statute and regulations, venue in this case should have been in Dorchester County because that was the county in which at least one defendant resided that was closest to the claimants' residence, appellants waived their right to raise improper venue as an affirmative defense by failing to object for almost a year after they were brought into the case.