728 A.2d 210

**PITTSBURGH CORNING CORPORATION, et al.**

**v.**

**Freddie JAMES, et al.**

**Pittsburgh Corning Corporation, et al.**

**v.**

**Thomas M. Wise, Jr., et al.**

**No. 136, Sept. Term, 1998.**

Court of Appeals of Maryland.

April 23, 1999.

John Parker Sweeney (Gregory L. Lockwood, Dan Friedman, Miles & Stockbridge, P.C., Attorneys for Owens Corning, on brief), Baltimore, for petitioners.

Brian A. Zemil, (Donald S. Meringer, Danaher, Tedford, Lagnese & Neal, P.C., Attorneys for Pittsburgh Corning Corporation, on brief), Baltimore, for petitioners.

Michael T. Edmonds (William C. Burgy, Timothy J. Hogan, Law Offices of Peter T. Nicholl, on brief), Baltimore, for respondents.

Argued before BELL, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, RAKER, WILNER and CATHELL, JJ.

WILNER, Judge.

This appeal presents one simple issue—whether an immediate appeal may be taken, under the collateral order doctrine, from an order denying a motion to dismiss a civil action on the ground of inconvenient forum. We shall hold that it may not and shall therefore affirm the judgment of the Court of Special Appeals dismissing petitioners' appeal.

## BACKGROUND

In April, 1998, respondents Freddie James and Beverly James filed suit in the Circuit Court for Baltimore City against 29 corporate defendants, seven of which had their principal place of business in Maryland. The other 22 defendants were incorporated or had their principal place of business in various other States. The complaint is titled "Short Form Asbestos Complaint." It provides very little information but incorporates by reference "The Law Offices of Peter T. Nicholl Master Complaint CT–5," which is nowhere to be found in the record extract. It is evident, and not disputed, however, that the complaint arises from Mr. James's contracting of mesothelioma due to his exposure to asbestos. In May, 1998, respondents Thomas Wise and Barbara Wise filed a similar short form complaint against 30 corporate defendants, seven of which had their principal place of business in Maryland. As with the James complaint, the Wise complaint provides little information but incorporates the Nicholls Master Complaint CT–5 and arises from the contracting of mesothelioma due to exposure to asbestos.

In July, 1998, petitioners Pittsburgh Corning and Owens Corning—two of the defendants named in the James and Wise complaints—filed motions to dismiss those complaints on the ground of inconvenient forum. The motions were based on the facts that the plaintiffs were all Virginia residents, that their exposure to asbestos products occurred in Virginia, at the Newport News Shipyard, and that they never lived in Maryland or were exposed to asbestos in this State. In accompanying memoranda, the petitioners noted that the

plaintiffs' physicians resided in Virginia, that fact witnesses with knowledge of the Newport News Shipyard would likely be found in Virginia, that relevant documentary evidence also would likely be in Virginia, and that, under Maryland conflict of laws principles, Virginia law would apply to the claims. None of the defendants, to our knowledge, has ever challenged either the subject matter jurisdiction of the circuit court or the jurisdiction of that court over them; nor does there appear to be any basis for such a challenge in this record. Although they asserted that Maryland is "a distinctly inconvenient forum" for trial, they made no claim of any actual inability to obtain and present testimonial or documentary evidence, or other specific prejudice, if trial were conducted in Maryland. Their principal argument seemed to be based on the more altruistic concern that, if these Virginia plaintiffs are permitted to litigate their cases in Maryland, it "would clearly frustrate the Court's continuing efforts to provide trial dates to its own citizens." Owens Corning added that "Maryland jurors should not be required to give up 4–6 weeks of their lives to hear a case that originated in all salient respects in the Commonwealth of Virginia, while other cases involving Maryland citizens remain on the docket."

On August 17, 1998, the court, by order of Judge Joseph H.H. Kaplan, the circuit administrative judge, denied the motions. A week later, the two cases, along with several others, were consolidated for trial scheduled to commence on June 7, 1999. Petitioners noted immediate appeals from Judge Kaplan's order, claiming the right to file such an appeal under the collateral order doctrine. On respondents' motion, the Court of Special Appeals dismissed the appeals under Maryland Rule 8–602(a)(1) (appeal not allowed by the rules or other law). We granted *certiorari* to review that ruling.

## DISCUSSION

We have made clear, time and again, as has the United States Supreme Court, that the collateral order doctrine is a very narrow exception to the general rule that appellate review ordinarily must await the entry of a final

judgment disposing of all claims against all parties. It is applicable to a "small class" of cases in which the interlocutory order sought to be reviewed (1) conclusively determines the disputed question, (2) resolves an important issue, (3) resolves an issue that is completely separate from the merits of the action, *and* (4) would be effectively unreviewable if the appeal had to await the entry of a final judgment. *See Peat & Co. v. Los Angeles Rams,* 284 Md. 86, 92, 394 A.2d 801, 804 (1978); *Clark v. Elza,* 286 Md. 208, 213, 406 A.2d 922, 925 (1979); *Shoemaker v. Smith,* 353 Md. 143, 725 A.2d 549 (1999).[1] For purposes of this appeal, we shall assume that the order denying petitioners' motion to dismiss satisfies the first and second elements of the test—that it conclusively resolves an important issue. It fails the third and fourth elements, however. The issues generated by the motion to dismiss are not "completely separate" from the merits of the claim and they would not be unreviewable on an appeal from an adverse judgment.

The issue of whether an order denying a motion to dismiss or transfer based on inconvenient forum raises an issue "completely separate from the merits of the action" was addressed squarely by the Supreme Court in *Van Cauwenberghe v. Biard,* 486 U.S. 517, 108 S.Ct. 1945, 100 L.Ed.2d 517 (1988). There, a Belgian national who was sued in Federal court in California moved to dismiss the action on the ground of inconvenient forum. When the motion was denied, he appealed and then sought review of the appellate decision dismissing his appeal. Although noting that the denial of a motion to dismiss on the ground of inconvenient forum might be discre-

---

1. We adopted the collateral order doctrine as set forth by the Supreme Court in *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 545–47, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). In *Cohen* and later in *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978), the Court described the doctrine as containing three, rather than four, elements, articulating the second element as a requirement that the order sought to be reviewed "resolve an important issue completely separate from the merits of the action." We have broken apart the elements of importance and separateness and treated them as separate elements. The difference is one of style, not substance.

tionarily reviewable in an immediate appeal under 28 U.S.C. § 1292(b), the Court, in a unanimous Opinion authored by Justice Marshall, flatly held that the ruling was not subject to immediate review under the collateral order doctrine because the issue was not completely separate from the merits of the action.

The Court first determined that, in ruling upon a motion to dismiss for inconvenient forum, the trial court must look into "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling . . . witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Van Cauwenberghe, supra,* 486 U.S. at 528, 108 S.Ct. at 1952–53, 100 L.Ed.2d at 528, quoting from *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508–09, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). To examine those matters, the court must necessarily "scrutinize the substance of the dispute between the parties to evaluate what proof is required, and determine whether the pieces of evidence cited by the parties are critical, or even relevant, to the plaintiff's cause of action and to any potential defenses to the action." *Van Cauwenberghe, supra,* at 528, 108 S.Ct. at 1953, 100 L.Ed.2d at 528–29. It must also consider various public interest factors—having localized controversies decided at home and having the trial of a diversity case in a forum familiar with the governing State law, which also require delving into the origin and nature of the dispute. Some of these factors, the Court noted, may not be relevant in the context of a particular case: "in certain cases, the *forum non conveniens* determination will not require significant inquiry into the facts and legal issues presented by a case, and an immediate appeal might result in substantial savings of time and expense for both the litigants and the courts." *Id.* at 529, 108 S.Ct. at 1953, 100 L.Ed.2d at 529. That, indeed, is the very point made by petitioners in this case. The Supreme Court concluded, however, that "[i]n fashioning a rule of appealability under § 1291 . . . we look to categories of cases, not to particular injustices" and that "in the main, the issues

that arise in *forum non conveniens* determinations will substantially overlap factual and legal issues of the underlying dispute, making such determinations unsuited for immediate appeal as of right under § 1291." *Id.* at 529, 108 S.Ct. at 1953, 100 L.Ed.2d 517.

Petitioners urge that this Court "need not, and should not, mechanically adopt the [*Van Cauwenberghe* ] ruling," pointing out that it involved an interpretation of Federal procedure that is not binding on us and that it may have been influenced by the Supreme Court's recognition that an interlocutory appeal was, or might have been, possible under 28 U.S.C. § 1292. It is of interest to note that the conclusion reached in *Van Cauwenberghe* merely confirmed those reached earlier in five of the Federal Circuits. *See Carlenstolpe v. Merck & Co., Inc.,* 819 F.2d 33 (2d Cir.1987); *Coastal Steel v. Tilghman Wheelabrator Ltd.,* 709 F.2d 190 (3d Cir.), *cert. denied,* 464 U.S. 938, 104 S.Ct. 349, 78 L.Ed.2d 315 (1983); *Partrederiet Treasure Saga v. Joy Mfg. Co.,* 804 F.2d 308 (5th Cir.1986); *Rosenstein v. Merrell Dow Pharmaceuticals,* 769 F.2d 352 (6th Cir.1985); *Nalls v. Rolls–Royce Ltd.,* 702 F.2d 255 (D.C.Cir.), *cert. denied,* 461 U.S. 970, 103 S.Ct. 2444, 77 L.Ed.2d 1327 (1983). Only the U.S. Court of Appeals for the Fourth Circuit, without analysis, had held to the contrary. *Hodson v. A.H. Robins, Co.,* 715 F.2d 142 (4th Cir.1983).

Petitioners argue that, if we were to look at each case individually in determining whether the issues raised by the inconvenient forum motion are completely separate from the merits of the action, this case might well warrant immediate review. As the *Van Cauwenberghe* Court held, however, we cannot establish rules of appealability for individual cases, for there would then be little or no certainty in this important area. Parties would be encouraged and, as a practical matter, perhaps even required, to file immediate appeals in every case, leading to the very harm sought to be avoided by the final judgment rule. Justice Marshall made the more convincing point that, in many of these cases, the court must, indeed, inquire into the underlying facts and legal theories of the case in order to consider and resolve the various factors that will

determine whether the pending forum is, in fact, inconvenient. The necessity of that inquiry, the validity and results of which will be challenged in the appeal, swirls the issues presented by the motion with those presented by the claim itself, in both the trial and appellate courts, thereby negating the notion that the issues are "completely separate."

Petitioners fare no better with respect to the fourth element, of unreviewability, which, in *Bunting v. State*, 312 Md. 472, 540 A.2d 805 (1988), and more recently in *Shoemaker v. Smith, supra*, 353 Md. 143, 725 A.2d 549, we carefully and deliberately circumscribed, holding that it was limited to "extraordinary situations."

Petitioners claim that, if they are required to proceed to trial in Maryland and await correction of what they regard as an erroneous ruling until after final judgment, their right not to be tried in the instant forum "will be irretrievably lost." In their brief, they suggest that the denial of a motion to dismiss based on an inconvenient forum is always immediately appealable because, quoting *Jenkins v. Smith*, 535 A.2d 1367, 1371 (D.C.1987) (Ferren, J. concurring), "[o]nce there has been a trial in an inconvenient forum, the inconvenience as such can never be remedied." At oral argument, they narrowed their view considerably, arguing that the right to an immediate appeal should be limited to situations where out-of-State plaintiffs bring claims based on exposure to asbestos. It is the crushing problems created by asbestos litigation, they urge, that justify a special right to immediate review when foreign plaintiffs attempt to use the Maryland courts. That somewhat xenophobic view may possibly implicate the second element in the collateral order doctrine—whether there is some legitimate public interest to be served by closing Maryland courts to out-of-State plaintiffs when the courts are already overburdened with asbestos cases filed by Maryland plaintiffs—but, whatever our view might be as to that, the argument clearly has no relevance to the fourth element. We fail to see how the effectiveness of appellate review, following the entry of final judgment, of the denial of a motion to dismiss (or transfer) based on inconvenient forum differs depending on

whether the action is based on exposure to asbestos. The issue really is the more general one—whether forcing any movant to await final judgment makes the issue of inconvenient forum effectively non-reviewable.

Our view as to that was, to some extent, foreshadowed in *Stewart v. State,* 282 Md. 557, 386 A.2d 1206 (1978) and *Parrott v. State,* 301 Md. 411, 483 A.2d 68 (1984). In *Stewart,* we held that the denial of a motion to dismiss an indictment based on the alleged violation of the defendant's Sixth Amendment right to a speedy trial was not immediately appealable under the collateral order doctrine, and in *Parrott,* we reached the same conclusion as to the grant of a motion for removal in a death penalty case under Article IV, § 8 of the Maryland Constitution. In *Parrott,* we held that under a collateral order analysis, the grant *or denial* of a request for removal was "not within that narrow class of cases excepted from the final judgment requirement." *Id.* at 425, 483 A.2d at 75. In each instance, the appellant argued that the right sought to be vindicated was the right not to stand trial, either at all (in the case of Stewart) or in the particular court (in the case of Parrott), and that there could be no effective review of the denial of that right if the defendant was first required to undergo the trial. In each case, we rejected that premise, concluding instead that the right *could* be vindicated after entry of final judgment. In *Parrott,* we determined that, subject to any defense of waiver or cure, if the appellate court were to conclude that the removal was in error, Parrott would be entitled to have the conviction vacated and that "[t]he burden of a second trial, per se, is not the kind of burden which satisfies the collateral order rule." *Id.* at 426, 483 A.2d at 75.

In *Lennox v. Mull,* 89 Md.App. 555, 598 A.2d 847 (1991), the Court of Special Appeals applied that principle in holding, expressly, that an order denying a motion to transfer a civil action on the ground of inconvenient forum was not immediately appealable under the collateral order doctrine. The court acknowledged that the appellant might, indeed, have to try his case in an inconvenient forum and retry it later in

another forum if the issue were not resolved immediately, but that that inconvenience had to be balanced against two other factors: "one, that if appellant were to prevail in [the current forum], the issue of transfer will become moot and will never have to be decided on appeal; and, two, the inconvenience to the parties, both trial courts, and this Court of interrupting all proceedings below for upwards of a year to consider what is clearly a discretionary and interlocutory decision." *Id.* at 564, 598 A.2d at 851. *See* also *Dorchester General Hosp. v. Sober,* 79 Md.App. 110, 555 A.2d 1074 (1989).

There are but a few decisions from courts in other States, some holding that orders denying a motion to dismiss based on inconvenient forum are immediately appealable, some holding to the contrary. In some of those cases, the issue was resolved on the basis of a specific rule or statute. They are not helpful to our analysis. The holding in *Lennox v. Mull* is entirely consistent with the recent pronouncements from this Court, beginning with *Stewart* and *Parrott* and continuing through *Bunting v. State, supra,* 312 Md. 472, 540 A.2d 805, and *Shoemaker v. Smith, supra,* 353 Md. 143, 725 A.2d 549. As we pointed out in *Bunting* and confirmed in *Shoemaker,* the proffered right to avoid trial, either at all or in a particular forum, cannot be allowed to be the tail that wags the final judgment rule dog:

> "In sum, the idea that an issue is not effectively reviewable after the termination of trial because it involves a 'right' to avoid the trial itself, should be limited to double jeopardy claims and a very few other extraordinary situations. Otherwise, as previously indicated, there would be a proliferation of appeals under the collateral order doctrine. This would be flatly inconsistent with the long-established and sound public policy against piecemeal appeals."

*Bunting,* 312 Md. at 481–82, 540 A.2d at 809.

JUDGMENT OF COURT OF SPECIAL APPEALS AFFIRMED, WITH COSTS. MANDATE TO ISSUE FORTHWITH.