742 A.2d 517

**Peter P. HERRERA**

v.

**STATE of Maryland.**

**No. 46, Sept. Term, 1998.**

Court of Appeals of Maryland.

Dec. 20, 1999.

Alan Hilliard Legum (Alan Hilliard Legum, P.A., on brief), Annapolis, for appellant.

Richard B. Rosenblatt, Asst. Atty. Gen., on brief, Baltimore, for appellee.

Argued before BELL, C.J., and ELDRIDGE, RODOWSKY, CHASANOW *, RAKER, WILNER and CATHELL, JJ.

PER CURIAM.

On May 14, 1987, in the Circuit Court for Anne Arundel County, Peter P. Herrera pled guilty to first degree murder and certain lesser offenses. He was sentenced to life imprisonment on July 30, 1987. Under the law, he was eligible for

---

* Chasanow, J., now retired, participated in the hearing and conference of this case while an active member of this Court but did not participate in the decision and adoption of this opinion.

parole after serving 15 years or the equivalent of 15 years considering the allowances for diminution of an inmate's term. A Parole Commission recommendation in favor of parole would be subject to the Governor's approval.

Within 90 days of his sentence, Herrera filed a motion under Maryland Rule 4–345(b) for modification or reduction of his sentence.[1] No action on this motion was taken for over 10 years. Finally, on December 15, 1997, a hearing on the motion was held. The Circuit Court for Anne Arundel County denied the motion on January 19, 1998. Herrera took a timely appeal from the denial of the motion, and, before any proceedings in the Court of Special Appeals, this Court issued a writ of certiorari. *Herrera v. State,* 350 Md. 279, 711 A.2d 871 (1998).

Herrera argues that certain actions by the Commissioner of Correction, the Maryland Parole Commission, and the Governor have effectively changed his sentence of life imprisonment to a sentence of life imprisonment without the possibility of parole, and that such change violates the ex post facto clauses of the federal and state constitutions. *See* Article 1, § 10, cl. 1, of the Constitution of the United States, and Article 17 of the Maryland Declaration of Rights.

The challenged acts by the Parole Commission and the Commissioner of Correction were as follows. It was the policy of the Parole Commission and the Commissioner that an inmate was required to complete a program of work release and family visitation before being paroled or recommended for

---

1. Rule 4–345(b) provides as follows:

"(b) *Modification or reduction—Time for.* The court has revisory power and control over a sentence upon a motion filed within 90 days after its imposition (1) in the District Court, if an appeal has not been perfected, and (2) in a circuit court, whether or not an appeal has been filed. Thereafter, the court has revisory power and control over the sentence in case of fraud, mistake, or irregularity, or as provided in section (d) of this Rule. The court may not increase a sentence after the sentence has been imposed, except that it may correct an evident mistake in the announcement of a sentence if the correction is made on the record before the defendant leaves the courtroom following the sentencing proceeding."

parole. The Commissioner of Correction in December 1994 directed that any inmate serving a life sentence should not be confined below medium security, which meant that such an inmate was not eligible for a work release program or family visitation. Consequently, an inmate serving a life sentence would not be considered for parole. As we discussed in *State v. Kanaras*, 357 Md. 170, 742 A.2d 508 (1999), which was filed today, the United States District Court for the District of Maryland, in *Knox v. Lanham*, 895 F.Supp. 750 (D.Md.1995), *aff'd*, 76 F.3d 377 (4th Cir.1996), ordered the Parole Commission and the Commissioner of Correction to adopt a program so that inmates, who are sentenced to life imprisonment with eligibility for parole, are given parole consideration.

The action by the Governor, of which Herrera complains, is that the Governor in 1995 announced guidelines which he would use in determining whether he would approve parole for inmates serving life sentences. The Governor stated that he would not approve parole for any inmates sentenced to life imprisonment unless they were very old or terminally ill. The Governor also announced that he had directed the Parole Commission not to recommend to him the parole of inmates serving life imprisonment. Recently in *Lomax v. Warden*, 356 Md. 569, 741 A.2d 476 (1999), this Court held that the Governor's announcement of his guidelines, for approving the parole of inmates serving terms of life imprisonment, did not constitute a change in the law within the meaning of the ex post facto clauses of the federal and state constitutions. We further held, however, that the Governor's directive to the Parole Commission could not be given effect. We took the position that the Parole Commission must apply the pertinent statutory factors and recommend to the Governor for parole those inmates sentenced to life imprisonment who are eligible for parole and who, in the Commission's judgment, should be paroled.

The State has moved to dismiss Herrera's appeal, arguing that under *Valentine v. State*, 305 Md. 108, 501 A.2d 847 (1985), the Maryland Post Conviction Procedure Act, Code

(1957, 1996 Repl.Vol.), Art. 27, § 645A(e), precludes an appeal from a circuit court's decision on a motion filed under Rule 4–345. The State further argues that, if the order is appealable, the Circuit Court did not abuse its discretion in denying the motion under Rule 4–345(b).

We shall deny the State's motion to dismiss the appeal. In *State v. Kanaras, supra,* we have just held that the Post Conviction Procedure Act does not prohibit an appeal from a denial of a motion under Rule 4–345, and we have overruled *Valentine v. State, supra.*

Turning to the merits, however, we shall affirm the judgment of the Circuit Court for Anne Arundel County. Although the Circuit Court judge, in his discretion under Rule 4–345(b), could have modified Herrera's sentence, he chose not to do so. Under our holdings in *Lomax v. Warden, supra,* and *State v. Kanaras, supra,* there was no illegality or infirmity in Herrera's sentence which required the Circuit Court to grant relief under Rule 4–345.

*JUDGMENT OF THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY AFFIRMED.*