900 A.2d 311

**Gerald D. FULLER**

v.

**STATE of Maryland.**

**No. 147, Sept. Term, 2005.**

Court of Special Appeals of Maryland.

June 8, 2006.

Brian M. Saccenti (Nancy S. Forster, Public Defender, on the brief), Baltimore, for appellant.

Mary Ann Ince (J. Joseph Curran, Jr., Atty. Gen., on the brief), Baltimore, for appellee.

Panel: MURPHY, C.J., PAUL E. ALPERT (Ret'd, specially assigned), JAMES S. GETTY (Ret'd, specially assigned), JJ.

MURPHY, C.J.

In this appeal from the Circuit Court for Baltimore City, Gerald D. Fuller, appellant, presents three questions for our review:

1. Does this Court have jurisdiction to review the circuit court's denial of a petition for commitment pursuant to Health–General Article § 8–507?

2. Did the circuit court err by not articulating its reasons for denying the petition?

3. Assuming *arguendo* that the circuit court correctly interpreted and applied the law, did it abuse its discretion by denying the petition?

For the reasons that follow, we conclude that appellant does not have the right to appellate review of the ruling about which he complains, and we shall therefore dismiss this appeal.

## Relevant Procedural History

Appellant is serving two concurrent life sentences, the first of which was imposed on August 20, 1979, and the second of which was imposed on October 24, 1979. In the words of his brief:

> In February, 2005, Mr. Fuller, acting *pro se*, filed a Petition for Commitment to the Alcohol and Drug Abuse Administration (ADAA) Pursuant to Health General Article § 8–507(b)(1)–(2) with the Circuit Court for Baltimore City asking that court to commit him to the custody of the ADAA for treatment of his alcohol addiction. On March 7, 2005, the Honorable Clifton J. Gordy denied the petition without a hearing. Mr. Fuller filed a notice of appeal on March 16, 2005.

\* \* \*

### *Jurisdiction*

This Court has appellate jurisdiction to review the circuit court's denial of Mr. Fuller's petition, either as an appeal

from a final judgment, or, in the alternative, pursuant to the collateral order doctrine.

* * *

The circuit court's order was a final judgment. It denied Mr. Fuller's petition and left no further action to be taken. In short, the only controversy before the circuit court was Mr. Fuller's petition for a commitment to ADAA; the court's denial of that petition was a final judgment.

* * *

Alternatively, this Court has jurisdiction under the collateral order exception to the final judgment rule.... The order denying Mr. Fuller's petition satisfied each of the four requirements [of the exception]: it conclusively determined his request that the circuit court commit him, it resolved the important issue of whether he would be committed for treatment for a long-term illness that would otherwise impede his eligibility for parole, it is completely separate from the judgment in the underlying criminal cases, and it is otherwise unreviewable.

According to appellant, this Court should (1) vacate the Order that denied his petition, and (2) remand for an evidentiary hearing at which appellant will have the opportunity to present evidence in support of his petition.

### Analysis

At present,[1] MD Code Ann., Health–General I § 8–507 (2005), in pertinent part,[2] provides:

---

1. This appeal arises out of a petition that appellant was entitled to file in the circuit court as a result of amendments enacted by the General Assembly in 2004. Although the statute was amended again in 2006, the 2006 amendments made no change to the provisions that are at issue in the case at bar.

2. The remainder of H–G § 8–507 provides:
 (d)(1) The Department shall provide the services required by this section.

(2) A designee of the Department may carry out any of the Department's duties under this section if appropriate funding is provided.

(e)(1) A court may not order that the defendant be delivered for treatment until the Department gives the court notice that an appropriate treatment program is able to begin treatment of the defendant.

(2) The Department shall facilitate the prompt treatment of a defendant.

(f) For a defendant committed for treatment under this section, a court shall order supervision of the defendant:

(1) By an appropriate pretrial release agency, if the defendant is released pending trial;

(2) By the division of parole and probation under appropriate conditions in accordance with §§ 6–219 through 6–225 of the Criminal Procedure Article and Maryland Rule 4–345, if the defendant is released on probation; or

(3) By the Department, if the defendant remains in the custody of a local correctional facility.

(g) A court may order law enforcement officials, detention center staff, Department of Public Safety and Correctional Services staff, or sheriff's department staff within the appropriate local jurisdiction to transport a defendant to and from treatment under this section.

(h) The Department shall promptly report to a court a defendant's withdrawal of consent to treatment and have the defendant returned to the court within 7 days for further proceedings.

(i) A defendant who is committed for treatment under this section may question at any time the legality of the commitment by a petition for a writ of habeas corpus.

(j)(1) A commitment under this section shall be for at least 72 hours and not more than 1 year.

(2) On good cause shown by the Department, the court, or the State, the court may extend the time period for providing the necessary treatment services in increments of 6 months.

(3) Except during the first 72 hours after admission of a defendant to a treatment program, the Department may terminate the treatment if the Department determines that:

(i) Continued treatment is not in the best interest of the defendant; or

(ii) The defendant is no longer amenable to treatment.

(k) When a defendant is to be released from treatment under this section, the Department shall notify the court that ordered the treatment.

(*l*)(1) If a defendant leaves treatment without authorization, the responsibility of the Department is limited to the notification of the court that ordered the defendant's treatment as soon as it is reasonably possible.

(2) Notice under this subsection shall constitute probable cause for a court to issue a warrant for the arrest of a defendant.

(m) Nothing in this section imposes any obligation on the Department:

(1) To treat any defendant who knowingly and willfully declines to consent to further treatment; or

(a) This section applies only to a defendant for whom:

(1) No sentence of incarceration is currently in effect; and

(2) No detainer is currently lodged.

(b) Subject to the limitations in this section, a court that finds in a criminal case that a defendant has an alcohol or drug dependency may commit the defendant as a condition of release, after conviction, or at any other time the defendant voluntarily agrees to participate in treatment, to the Department for treatment that the Department recommends, even if:

(1) The defendant did not timely file a motion for reconsideration under Maryland Rule 4–345; or

(2) The defendant timely filed a motion for reconsideration under Maryland Rule 4–345 which was denied by the court.

(c) Before a court commits a defendant to the Department under this section, the court shall: (1) Offer the defendant the opportunity to receive treatment;

(2) Obtain the written consent of the defendant:

(i) To receive treatment; and

(ii) To have information reported back to the court;

(3) Order an evaluation of the defendant under § 8–505 or § 8–506 of this subtitle;

(4) Consider the report on the defendant's evaluation; and

(5) Find that the treatment that the Department recommends to be appropriate and necessary.

■ From our examination of the language of the statute and of the available legislative history, we conclude that no

---

(2) In reporting to the court under this section, to include an assessment of a defendant's dangerousness to one's self, to another individual, or to the property of another individual by virtue of a drug or alcohol problem.

(n) Time during which a defendant is held under this section for inpatient evaluation or inpatient or residential treatment shall be credited against any sentence imposed by the court that ordered the evaluation or treatment.

(o) This section may not be construed to limit a court's authority to order drug treatment in lieu of incarceration under Title 5 of the Criminal Law Article.

direct appeal to this Court lies from the circuit court's denial of a petition for commitment to ADAA.[3]

H–G § 8–507(b) was repealed and re-enacted in its present form, subsequent to decisions by this Court and the Court of Appeals holding that the circuit court lacked jurisdiction to rule on a post-sentence § 8–507 petition filed more than ninety days after sentence was imposed.[4] In *Clark v. State*, 348 Md. 722, 705 A.2d 1164 (1998), the Court of Appeals agreed with this Court that, "[a]fter the ninety-day period set forth in Rule 4–345 expired in the instant case, the trial court had no authority to reduce Petitioner's criminal sentence by committing him to a drug treatment program." *Id.* at 732, 705 A.2d 1164. As a result of the 2004 amendments to H–G § 8–507(b), the court in which the defendant/petitioner was sentenced retains jurisdiction to grant a post-sentence petition for commitment to ADAA even if Maryland Rule 4–345(e) no longer provides the sentencing judge with revisory power over the sentence, either because the defendant/petitioner never filed a timely motion for reconsideration, or because such a motion was denied. Nothing in H–G § 8–507(b) or in its legislative history, however, indicates that the General Assembly intended that a direct appeal would lie from the denial of a petition for commitment to ADAA.

 Our conclusion that this Court does not have jurisdiction to review the ruling at issue is entirely consistent with the well settled rule (never modified by the General Assembly) that, unless the circuit court erroneously concludes that it does not have jurisdiction to consider the defendant's motion for modification,[5] no direct appeal lies from the circuit court's

---

**3.** The State also argues that, because appellant was serving two separate terms of confinement, he did not have the right to petition the circuit court for commitment to ADAA in 2005. We are persuaded, however, that a petitioner serving multiple terms of confinement would be eligible for commitment to ADAA if—*but only if*—all of the sentencing judges order commitment for treatment.

**4.** *See Clark v. State*, 348 Md. 722, 705 A.2d 1164 (1998), *aff'g Clark v. State*, 115 Md.App. 208, 692 A.2d 949 (1997).

**5.** A defendant is entitled to appellate review of the issue of whether "the [circuit] court erred as a matter of law by ruling that it did not have

denial of a motion for modification or reduction of a sentence that the defendant concedes to be a *legal* sentence.[6] We have no doubt that, if the General Assembly intended that this Court have jurisdiction to review the denial of an inmate's petition for commitment to ADAA, the General Assembly would have expressly conferred such jurisdiction on this Court.

■ The "collateral order doctrine" is inapplicable to the case at bar because this Court no longer has jurisdiction to review the final judgments of conviction to which the order at issue is allegedly "collateral." Moreover, this doctrine is applicable only to an interlocutory order that "(1) conclusively determines the disputed question; (2) resolves an important issue; (3) resolves an issue that is completely separate from the merits of the action; *and* (4) would be effectively unreviewable if the appeal had to await the entry of a final judgment." *Pittsburgh Corning v. James*, 353 Md. 657, 660–61, 728 A.2d 210 (1999). "[I]n order for a prejudgment order to be appealable and to fall within this exception to the ordinary operation of the final judgment requirement, each of

---

jurisdiction to consider the motion on the merits." *Greco v. State*, 347 Md. 423, 438, 701 A.2d 419 (1997).

6. *See Costello v. State*, 237 Md. 464, 469–70, 206 A.2d 812 (1965); *State v. Rodriguez*, 125 Md.App. 428, 442, 725 A.2d 635 (1999); *State v. Strickland*, 42 Md.App. 357, 359, 400 A.2d 451 (1979); *Smith v. State*, 31 Md.App. 310, 321, 356 A.2d 320 (1976).

We recognize that in two cases filed on December 20, 1999, the Court of Appeals stated "that the language of the Post Conviction Procedure Act does not preclude an appeal from a circuit court's ruling under Rule 4–345." *State v. Kanaras*, 357 Md. 170, 184, 742 A.2d 508 (1999), and *Herrera v. State*, 357 Md. 186, 189, 742 A.2d 517 (1999). In each of those cases, however, the defendant noted an appeal from the denial of a motion to correct a sentence that the defendant alleged to have become *illegal* as a result of Governor Glendening's "Life Means Life" policy, pursuant to which he directed that the Parole Commission refrain from recommending parole of inmates serving life sentences. *Kanaras* and *Herrera* reaffirm the proposition that a defendant has a right of appeal from the circuit court's denial of a motion to correct an allegedly *illegal* sentence, but neither case stands for the proposition that a direct appeal lies from the denial of a motion to reduce a sentence that the defendant has not alleged to be *illegal*.

the four elements must be met." *In re Franklin P.*, 366 Md. 306, 327, 783 A.2d 673 (2001). The denial of a post-sentence petition for commitment to ADAA is simply not "an issue that is completely separate from the merits of the action."

**APPEAL DISMISSED;**

**APPELLANT TO PAY THE COSTS.**